Brandi Sibley
29464 Preston Pointe Dr.
Livingston, La 70754

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  DEC - 1 2022

CAROL L. MICHEL

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DIVISION OF LOUISIANA**

**22-4757**

Case No._____

**SECT. L MAG. 4**

| | |
|---|---|
| Brandi Sibley, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| TOURO LCMC HEALTH, | ) |
| | ) |
| Greg Feirn, | ) |
| Individually, | ) |
| | ) |
| Dr. John Heaton CMO, | ) |
| Individually, | ) |
| *Defendants.* | ) |
| | / |

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

**COMES NOW** Plaintiff, Brandi Sibley, as pro se, before this Court to file this

COMPLAINT, requesting legal relief for unconstitutional and tortious conduct committed by

LCMC Health, Greg Feirn CEO, and Dr. John Heaton CMO. Plaintiff reserves the right to

amend this Complaint.

Plaintiff, Brandi Sibley, (hereafter "Plaintiff or "Sibley"), graduated college from
Southeastern University in Hammond, Louisiana. Plaintiff's first job out of college was as an

TENDERED FOR FILING

DEC 0 1 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee_____
Process_____
X Dktd_____
__ CtRmDep_____ 1
__ Doc.No._____

emergency floor nurse working for LCMC Health at the Children's Hospital in New Orleans, January of 2020.

Plaintiff worked as a full-time nurse for LCMC Health and had an impeccable record of attendance and performed her required duties without fail.

Starting in September of 2021, and lasting until late-November of 2021, Plaintiff was socially pressured, psychologically abused, and emotionally traumatized by the actions of her employer, LCMC Health.

Defendants created a hostile work environment that allowed and promoted an atmosphere of offensive and pervasive behavior that affected the Plaintiff mentally, emotionally, and physically.

Religious liberty is enshrined in the text of our Constitution and in numerous federal statutes. It encompasses the right of all Americans to freely exercise their religion without being coerced into joining an established church or to satisfy a religious test as qualification for public office. It also encompasses the right of all Americans to express their religious beliefs subject to the same narrow limits that apply to all forms of speech. In the United States, the free exercise of religion is not a mere policy preference to be traded against other policy preferences. It is a fundamental right.

The Free Exercise Clause protects not only the right to believe or the right to worship; it protects the right to perform or abstain from performing certain physical acts in accordance with one's beliefs. Federal statutes, including the Religious Freedom Restoration Act of 1993 ("RFRA"), support that protection broadly defining the exercise of religion to encompass all aspects of observance and practice, whether or not central to or required by a particular religious faith.

2

This action arises out of the Defendant ("Touro LCMC Health") and their employees using coercion and duress to force compliance from Plaintiff Sibley for refusing to take the experimental drug that is COVID-19 immunizations as demanded through LCMC Health policy, HR-427.

This action arises out of egregious, malicious, and heavy-handed religious persecution by the Defendants and their employees, who singled out religious objectors and persecuted the objectors with fear, intimidation, and examination of their beliefs. [1]

This action arises out of the Defendants' retaliation against the Plaintiff when exercising her freedom of religion with refusal to comply with the corporate policy of the employer in regard to the mandatory COVID-19 vaccinations.

This action arises out of the Defendants' violation of **Louisiana Revised Statutes chapter 46 §231.4** which states, "*Immunization Compliance; exceptions*, **(C)**. No person shall be required to comply with the provisions of this Section if that person or his parent or guardian submits a written statement from a physician stating that the immunization procedure is contraindicated for medical reasons or *if the person, or his parent or guardian objects to the procedure on religious grounds.*

This action arises out of the reckless indifference and malicious persecution displayed by LCMC Health to the rights of their employees.

This action arises from the Defendants reliance on suggestions, guidelines, recommendations, and advice, not documented proof mind you, from corporate, state, and federal agencies being the justification to harass, threaten, and intimidate the Plaintiff.

---

[1] Supreme Court of Louisiana – No. 2021-KK-00876

This action arises from the Defendants own admission of becoming a state actor acting on behalf of governmental bodies, and is therefore subject to the limitations imposed on government by the United States Constitution, including the First, Fourth, Fifth, and Fourteenth Amendments.[2] "In September 2021, to protect patients, employees, and the community from the COVID-19 exposure and infection, Children's Hospital implemented a phased COVID-19 immunization mandate for its employees." Since the Defendants took the position of becoming a police arm of the law, as outlined in their assumed authority to keep patients, employees, and the community safe, they are for all intent and purposes acting on behalf of the state.

Plaintiff alleges that (1) the public function, (2) joint function/symbiotic relationship, and the (3) nexus test are incorporated into this Complaint sufficiently.

The causes of action brought are:

**(1) U.S.C. Title 42 § 2000 (e) (5), U.S.C. Title 42 § 1981 (a) (b),**

**(2) Louisiana Civil Code Art. 2320. Acts of Servants, students, or apprentices**

**(3) common law conspiracy, and**

**(4) negligent infliction of emotional stress.**

## JURISDICTION

Count I, III, and IV in this Complaint seek recourse for the Plaintiff based on violation of constitutional civil rights under 42 U.S.C. §§ 1981, and 2000, federal statutes, and common law civil actions, and as such, this Court has jurisdiction over these Claims pursuant to 28 U.S.C. § 1331.

---

[2] Exhibit H – Position Statement

4

Count II in this Complaint seeks recourse for the Plaintiff based on tortious conduct under Louisiana Law, arising from the same facts as Counts I, III, and IV, and as such, this Court has supplemental jurisdiction over these state-based Claims pursuant to 28 U.S.C. § 1367, because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Pursuant to title 28 U.S.C. § 1391 (b), venue is proper in the Western District of Louisiana because all claims arise out of New Orleans, Louisiana.

## PARTIES

At all times material to this lawsuit, Brandi Sibley resided in Livingston, Louisiana.

At all times material to this lawsuit, TOURO LCMC CHILDRENS HOSPITAL, principal place of business is located at 200 Henry Clay Ave, New Orleans, LA 70118.

Plaintiff Sibley has the capacity to sue and be sued.

Defendant TOURO LCMC HEALTH has the capacity to sue and be sued.

Defendant Greg Feirn has the capacity to sue and be sued.

Defendant Dr. John Heaton has the capacity to sue and be sued.

All acts necessary or precedent to the bringing of this lawsuit accrued or occurred in New Orleans, Louisiana.

## FACTUAL ALLEGATIONS

1.      Plaintiff is an emergency room nurse at the Louisiana Children's Medical Center in New Orleans and began work in January of 2020.

2.      Plaintiff, after reinstatement, is still employed currently at the Louisiana Children's Medical Center as a part time employee.

5

3.      Defendants have over 500 employees.

4.      Plaintiff sent four (4) affidavits and a religious objection to medical intervention to LCMC staff.

5.      On the date of September 9th, 2021, the Biden-Harris Administration in collaboration with the CDC, announced emergency regulations requiring vaccinations for nursing home workers would be expanded to include hospitals, dialysis facilities, ambulatory surgical settings, and home health agencies, among others, as a condition for participating in the Medicare and Medicaid programs. [3]

6.      On the date of September 20th, 2021, Greg Feirn and Dr. John Heaton sent a mass email to all staff stating, "As we've seen with the most recent surge, vaccinations have proven to be the most effective means of protecting our employees, patients, and community against COVID-19. The American Medical Association and the American Nurses Association are just two of nearly 60 major medical organizations that have called on healthcare professionals to mandate vaccines. After thoughtful consideration, LCMC Health will require staff throughout the system to be fully vaccinated."

7.      On or about September 29th, 2021, Plaintiff filed the first of four affidavits declaring her religious and conscientious objection to the medical intervention.

8.      Plaintiff admits that she went to college to study nursing and not law, and however inefficient trained attorneys believed her affidavits were, the sincerely held belief was attested, witnessed, and corroborated to, by Plaintiff standing against the pressures being exerted politically, socially, and in her employment at the time of writing the affidavits.

_____

[3] https://www.cms.gov/newsroom/press-releases/biden-harris-administration-expand-vaccination-requirements-health-care-settings

9.    Plaintiff alleges her actions spoke louder than any audible word could be heard and was an exhibition of the Plaintiff's sincerely held belief.

10.    On October 13th, 2021, Calvin M. Bond replied to the affidavit filed by the Plaintiff indicating that the hospital needed more information regarding Plaintiff's religious beliefs.[4]

11.    On October 20th, 2021, Plaintiff received an email from LCMC employees stating, "You will continue to receive an email until you have completed the vaccination series or you have been granted an exemption. The deadlines are approaching fast. Please see the LCMC policy for the deadlines and speak to your immediate supervisor."

12.    This email chain included LCMC employees, Christi Cabos, Joseph Khahtahvah, Elizabeth Darre, Kerri Pittari, and Theresa Gernhauser.

13.    On October 21st, 2021, Patrick Haggerty, floor supervisor for LCMC, emailed Plaintiff and stated, "I am following up on your COVID vaccination status. Employee Health sent me your name as not fully vaccinated or not having an approved exemption. If you have received your vaccine elsewhere, please let me know so I can update your status."

14.    On October 21st, 2021, Plaintiff replied to Patrick Haggerty and inquired why Plaintiff's religious exemption had not been approved or denied.

15.    Plaintiff Sibley stated, "I submitted a religious exemption 23 days ago. It still isn't approved or denied even though they told us they would let us know in 7-10 days. I

won't be getting the vaccine if it's denied and would like to know the plan after."

16.    On October 23rd, 2021, Patrick Haggerty responded to the email of the Plaintiff and stated, "I'm going to follow up to see why the delay. The following are summaries from

---

[4] Exhibit E – Email from M. Calvin Bond

LCMC Policy HR-427: If denied an exemption, an individual has 14 days to receive their first dose. If compliance is not met by deadlines, then an individual can be suspended for 14 days without pay to gain compliance (PTO may not be used.)" "Employees who are not in compliance with this policy at the conclusion of the 14-day suspension period may be terminated from employment by LCMC Health."

17.    On October 25th, 2021, Troy Bond denied the Plaintiff her religious exemption.[5]

18.    "The Committee hopes that you will consider receiving the COVID-19 vaccine, as we believe strongly that it provides vital protection against severe negative outcomes. If you would like to review additional medical literature regarding the vaccine, please click the link below to LCMC."

19.    Defendants denied the Plaintiff her religious exemption while trying to force compliance on an emergency use authorized drug which requires by law, full voluntary consent.

20.    On or about October 28th. 2021, Plaintiff sent yet another affidavit differently formatted attempting to stop the harassment and intimidation being used to force compliance.

21.    Plaintiff cited a Supreme Court ruling which states, "The free exercise of religion includes the right to act or abstain from action in accordance with one's religious beliefs. The Free Exercise Clause protects not just the right to believe or the right to worship; it protects the right to perform or abstain from performing certain physical acts in accordance with one's beliefs. Federal statutes, including the Religious Freedom

---

[5] Exhibit F – Religion Denial Letter

Restoration Act of 1993 ("RFRA"), support that protection, broadly defining the exercise of religion to encompass all aspects of observance and practice, whether or not central to, or required by, a particular religious faith."

22.    On November 6th, 2021, the 5th Circuit of Appeals entered a stay order on the vaccine mandate and stated, "the petitioners' motion for a stay pending review is GRANTED. Enforcement of the Occupational Safety and Health Administration's "COVID-19 Vaccination and Testing; Emergency Temporary Standard" remains STAYED pending adequate judicial review of the petitioners' underlying motions for a permanent injunction. In addition, IT IS FURTHER ORDERED that OSHA take no steps to implement or enforce the Mandate until further court order."

23.    On November 15th, 2021, Plaintiff received an email from Patrick Haggerty that included LCMC staff Lisa Labat and Amelia Waldrup.

24.    Patrick Haggerty stated in this email, "I was notified today that your affidavit has been reviewed and that your exemption is still denied. Due to your non-compliance with the LCMC Health COVID-19 Vaccine policy, HR 427, you are suspended without pay for up to 14 days. You may not use PTO during this time. If you become compliant within this 14-day period, you will be reinstated and scheduled to return to work as soon as administratively possible based on department scheduling protocols. You can become compliant by receiving an **authorized** one-dose COVID-19 vaccine (e.g., J&J), receiving the first dose of an **authorized** two-dose COVID-19 vaccine, or providing proof of COVID-19 vaccination by a third-party provider to Employee Health. If you do not become compliant within 14 days, you are subject to further disciplinary action up to and including termination.

25. Defendant and their staff deceptively and mendaciously were continuing to misrepresent the actual status of the "vaccines" as fully authorized drugs.

26. "The Janssen COVID-19 vaccine has not been approved or licensed by the U.S. Food and Drug Administration (FDA), but has been authorized by FDA through an Emergency Use Authorization (EUA) for active immunization to prevent Coronavirus Disease 2019 (COVID-19) in individuals 18 years of age and older. There is no FDA-approved vaccine to prevent COVID-19."[6]

27. Defendant was made fully aware of the 5th circuit's Stay Order in an email from the Plaintiff dated November 15th, 2021.

28. Plaintiff suffered psychological trauma that included emotional distress and anxiety over the economic consequences and fear of losing Plaintiff's job.

29. On or about November 17th, 2021, Plaintiff authenticated even another affidavit which is included here as an exhibit.[7]

30. Plaintiff, in no way shape or form in the November 17th affidavit, made any attestations of faith that would identify a particular establishment of religion but simply stated the facts in a timeline of events.

31. On November 23rd, 2021, LCMC employee Floyd Riedinger, Religious Review Committee, reinstated the Plaintiff and lifted the suspension.

32. Plaintiff alleges that the rights that existed on November 23rd, also existed before the harassment, coercion, and duress was instigated by LCMC staff.

33. On or about December 7th, 2021, Plaintiff filed an EEOC discrimination charge against the Defendant.

---

[6] Exhibit G – Johnson and Johnson statement as of 11/8/2022
[7] Exhibit H – Authenticated affidavit 4

34.    On February 16th, 2021 a formal charge was filed by the EEOC against the Defendant.

35.    On May 9th, 2022 both parties agreed to mediate through the EEOC.

36.    On or about July 27th, Plaintiff and the Defendants' attorney joined the mediation session through the EEOC.

37.    Defendants' attorney was not authorized to settle or offer any compensation for the psychological and emotional trauma inflicted to the plaintiff.

38.    Toni, the EEOC mediator, in a statement to Plaintiff and the Plaintiff's father, Brandon Sibley, declared that LCMC Health never attempted to solve the discrimination issues through mediation.

39.    On August 15th, 2022, Craig R. Watson and Amanda M. Plaiscia, alleged attorneys for LCMC Health wrote a position statement to the EEOC.[8]

40.    On page 6, ¶2 of the aforementioned position statement, the assumed attorney's state, "As the EEOC itself has recognized, employers <u>may ask an employee to explain the religious nature of their belief, practice, or observance and may also ask for an explanation of how the employee's religious beliefs, practices, or observances conflict with the employer's COVID-19 vaccination requirement</u>.19 Further, the EEOC provides that Title VII does not protect social, political, or economic views or personal preferences.20 While the information initially provided was vague and inconclusive, it was evident that Sibley had a **multitude of secular, non-religious**, and non-protected basis for her purported opposition to the vaccine mandate (e.g., citing to legal rules of evidence, the Nuremberg Code, and the U.S. Code; stating "The freedom of choice, the free expression of liberty, the exercise of life is not relinquished by

_____

[8] Exhibit I – Position Statement

11

one, brandi-deshai: Sibley."; "The laws of nature are unchangeable."; "If anything is due to a corporation, it is not due to the individual members of it, nor do the members individually owe what the corporation owes."). Given the politically-charged landscape surrounding the COVID-19 vaccination and Sibley's ambiguous and confusing initial documentation produced, Children's Hospital (and the Committee) did not overstep any legal protections or discriminate against Sibley in any manner in requesting additional information to understand and verify (1) the nature of her beliefs and (2) why her beliefs prohibited her from receiving the vaccine."

41.     It is a fact that none of the arguments of Defendants counsel concerning their beliefs of religion are valid or precedential, "But when the underlying principle has been examined in the crucible of litigation, the Court has unambiguously concluded that the individual freedom of conscience protected by the First Amendment embraces the right to select any religious faith or none at all."

42.     "Sibley was suspended for nine days due to her failure to comply with LCMC Health's mandatory vaccination policy without any justification for an accommodation (until she provided the final "Affidavit" referenced above)."[9]

43.     On September 28th, 2022, Plaintiff received the right to sue from the EEOC.

## COUNT I – U.S.C. TITLE 42 § 2000 (e) (5) - 42 USC 1981 (a), (b)

44.     Plaintiff reallege, restates, and incorporates by reference the allegations in the foregoing jurisdictional and factual allegations.

---

[9] Exhibit I – Page 6 ¶2

12

45.   Defendant, TOURO LCMC HEALTH, is responsible for the establishing of all policies, procedures, and customs complained about herein.

46.   These actions, by the Defendants and their employees, demonstrates a reckless and callous indifference to the rights of the Plaintiff as well as many other similarly situated individuals who were harmed by HR-427.

47.   The Defendants internal policy, HR-427, created a workforce that highlighted, identified, terrorized, and ultimately vilified religious objectors due to the refusal of forced medical intervention, absent of any legal or lawful authority.

48.   Plaintiff alleges that the Defendant created a workplace environment that maliciously, mendaciously, recklessly and negligently used deceptive tactics to misrepresent and obfuscate the actual status of the emergency use authorized drugs.

49.   Defendant targeted the Plaintiff because of beliefs that were not ideologically aligned with what the Defendants' religious review committee deemed sufficient to their standards of religion.

50.   Plaintiff contends that the Defendant retaliated against the Plaintiff for exercising her First Amendment right.

51.   It is a fact, as admitted by the Defendants, that the Plaintiff was suspended for nine days.

52.   Defendants used guidelines and references from agencies of the federal government along with EEOC guidelines, as admitted in Defendants position statement, whose accommodation advice had never been used for nationwide application of medical intervention before Covid-19 'Emergency.'

53.     A historical example of a "reasonable" accommodation up until now would be, "A reasonable religious accommodation is any adjustment to the work environment that will allow an employee to practice their religious beliefs. This applies not only to schedule changes or leave for religious observances, but also to such things as dress or grooming practices that an employee has for religious reasons."

54.     Plaintiff alleges that the Defendants, absent of any legal or lawful authority, forcefully attempted to apply the recommendations from the EEOC and other agencies, and the proximate result being the reckless and callous deprivation of their employee's individual liberties.

55.     Liberties which include freedom of conscience, personal autonomy, right to act or abstain, and the right to control which chemical substances enter the blood stream.

56.     Plaintiff alleges that the Defendant knew or should've known that First Amendment violations of employee by employer is both illegal and unlawful and creates liability on behalf of LCMC, its parents, and subsidiaries.

57.     Plaintiff alleges that the Defendant acted on their own **belief** that the emergency use authorized drugs offered substantial protection benefits to their employees, absent of any medical efficacy or safety test to substantiate that claim.

58.     It is a fact, as of the writing of this Complaint, the Plaintiff has worked the entire pandemic, in a hospital setting, and has not once contracted COVID-19.

59.     Defendants were made aware that the Louisiana Statute protecting religious objection to immunizations was an immediate reasonable accommodation that should have been afforded to the Plaintiff.

14

60.    Defendants state in their position statement on page 4, ¶a, "In September 2021, to protect patients, employees, and the community from the COVID-19 exposure and infection, Children's Hospital implemented a phased COVID19 immunization mandate for its employees."

61.    However altruistic, the intentions of the Defendants may or may not have been, LCMC Health and its employees acted outside the scope of their professional authority and used fear to compel performance.

62.    Plaintiff alleges that this level of negligence by a corporation, who has a plethora of trained attorneys on staff, displays willful intent.

63.    Plaintiff alleges that the Defendants knew or should have known that duress and coercion are not proper ways of conducting business and is a violation of the Plaintiff's rights as secured by both the Louisiana and United States Constitutions.

64.    Defendants and their employees, directly or indirectly, worked in concert to deprive the protections afforded by civil and constitutional rights; to wit the proximate result has been traumatizing to mind, body, and soul of the Plaintiff.

WHEREFORE, Plaintiff demands judgement for the violation of her civil rights against the Defendant jointly and severally for actual, general, special, and compensatory damages in the amount of $300,000.00 and further demand judgement against the Defendant for punitive damages in an amount to be determined by the jury, plus cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

15

## COUNT II - LA CIVIL CODE ART. 2320 – LIABILITY FOR SERVANTS

65.     Plaintiff realleges, restates, and incorporates by reference the allegations in the foregoing jurisdictional and factual allegations.

66.     Plaintiff alleges that without the actions and prompting of Greg Feirn and Dr. John Heaton, relying on advice from medical associations and federal agencies such as the CMS and CDC, that the employees of Touro LCMC Health would not have so openly and readily violated the rights of the Plaintiff.

67.     Defendants Greg Feirn and Dr. John Heaton knew or should've known that recommendations, advice, guidelines, and suggestions from the CDC, CMS, American Medical Association or the American Nurses Association did not create a legislative law that granted lawful authority to terrorize their workforce.

68.     Defendants Greg Feirn and Dr. John Heaton both signed a letter[10] issued to employees and stated, "As we have seen with the most recent surge, vaccinations have **proven** to be the most effective means of protecting our employees, patients, and community against COVID-19."

69.     Plaintiff alleges that the aforementioned statement by Defendants at the time was, at best, misleading without any medical data to back up the claim and is as of the date of October 2022, a complete fabrication, as evidenced with the inability of the emergency use authorized drugs to stop infection or transmission.

70.     Plaintiff restates the fact, previously submitted at ¶ 57 of this Complaint, Plaintiff has worked the entirety of the "pandemic" without contracting COVID-19.

_____

[10] Exhibit C

71.   Defendants Greg Feirn and Dr. John Heaton created and fostered a hostile workplace environment that singled out and marked employees who objected to the emergency use authorized drugs.

72.   Defendants Greg Feirn and Dr. John Heaton knew or should have known that the "vaccines" were not fully authorized and that any mandate made by the company requires full voluntary consent.

73.   Defendants Greg Feirn and Dr. John Heaton knew or should have known that terrorizing employees with fear of termination and the act of suspension is not a proper way to conduct business as reasonable men.

74.   Defendants Greg Feirn and Dr. John Heaton knew or should have known that their letter attached responsibility to them as masters directing their employees to conduct "reviews" of the Plaintiff's religious and medical information.

75.   Defendants could have prevented the damage caused to the Plaintiff but instead chose to initiate a policy that recklessly and callously deprived the Plaintiff of rights secured by the Civil Rights Act of 1964 and the United States and Louisiana Constitutions.

WHEREFORE, Plaintiff demands judgement for the violation of her civil rights against the Defendants jointly and severally for actual, general, special, and compensatory damages in the amount of $300,000.00 and further demand judgement against the Defendant for punitive damages in an amount to be determined by the jury, plus cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT III – COMMON LAW CONSPIRACY

76.     Plaintiff realleges, restates, and incorporates by reference the allegations in the foregoing jurisdictional and factual allegations.

77.     Defendants and their employees had **(1)** a task to be accomplished; **(2)** an agreement on the object or course of action, to wit, to deprive the Plaintiff of her right to equal protection of the law, specifically the right to think and act independently of anyone else and conscientiously object to forced medical intervention; **(3)** performed one or more unlawful overt acts, suspension being one; and **(4)** caused Plaintiff damages that were a direct cause of those acts.

78. Defendants used coercion in the form of harassment, acts, and threats ultimately committing the overt act of suspension against the Plaintiff while threatening termination.

79.     No less than ten **(10)** LCMC employees were involved with the sharing of the Plaintiff's private religious and medical information, absent of any authorization by the Plaintiff.

80.     The Defendants' CEO, Greg Fern, knew or should have known that the American Medical Association and the American Nurses Association are not legislative bodies that can grant LCMC the authority to violate rights constitutionally protected.

81.     Defendant created a workplace environment that recklessly and callously deprived the Plaintiff of her rights.

82.     Plaintiff was subjected to arbitrary discrimination by LCMC employees who worked, directly and indirectly, in furtherance of the conspiracy the proximate result being deprivation of the Plaintiff's civil and constitutionally protected rights.

83. Plaintiff was suspended as retaliation for her religious beliefs.

84. Plaintiff suffered actual damages in the loss of wages and was psychologically abused and emotionally traumatized by the actions of the Defendant.

WHEREFORE, Plaintiff demands judgement for the violation of her civil rights against the Defendant jointly and severally for actual, general, special, and compensatory damages in the amount of $300,000.00 and further demand judgement against the Defendant for punitive damages in an amount to be determined by the jury, plus cost of this action, including attorney's fees, and such other relief deemed to be just, fair, and appropriate.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL STRESS

85. Plaintiff realleges, restates, and incorporates by reference the allegations in the foregoing jurisdictional and factual allegations.

86. Defendants and their employees knew or should have known, as reasonable men and women, the duties we each have towards one another as members of society with different beliefs, customs, usages, and practices.

87. Defendants breached their duty as reasonable men and women by recklessly, callously, and unreasonably inflicting emotional distress, mental anxiety, and causing physical symptomatologies to the Plaintiff.

88. Plaintiff, at 25 years old, had to psychologically and emotionally deal with the threat of termination and the act of suspension, after only 18 months removed from finishing her college degree.

89. Defendant acted on hearsay, suggestions, recommendations, and advice given by corporate, state, federal, and local "health" agencies and acted unreasonably in subjecting their

entire workforce to experimental "vaccines," while negligently withholding information vital to their decision, namely that the "vaccines" were emergency use authorized, experimental drugs.

90. Plaintiff was humiliated, shamed, scoffed, threatened, and coerced absent of any legal or lawful authority.

WHEREFORE, Plaintiff demands judgement, including interest, against the Defendants in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brandi Sibley seeks redress for grievances in which this Court can grant relief:

91. Assume jurisdiction over this action.

92. Plaintiff asks this Court pursuant to its authority to adopt the doctrine of respondeat superior and hold accountable the CEO, Greg Fern, and chief medical officer, Dr. John Heaton, for their role in creating a workplace environment that arbitrarily and capriciously discriminated against religious objectors absent of any legal or lawful authority.

93. Plaintiff demands punitive damages from Defendant TOURO LCMC HEALTH in the amount of $300,000.00 dollars for the arbitrary, capricious, and unreasonable deprivation of rights as secured by the Civil Rights Act of 1964 and the Constitution of the United States.

WHEREFORE, Plaintiff demands judgement for actual, compensatory, and punitive damages against Defendant, together with such other relief as the Court may deem reasonable and just under the circumstances.

Dated this ____15th____ day of November, 2022.

Respectfully submitted,

*Brandi Sibley*

Brandi Sibley, Plaintiff *pro se*

21

## VERIFICATION OF COMPLAINT

STATE OF LOUISIANA

PARISH OF LIVINGSTON

I, Brandi Sibley, am the named Plaintiff above and state and swear before God, under penalty of perjury, under the laws of the United States, that the following is true and correct to the best of my knowledge:

1. I am over the age of 18 and am competent to testify before this court.

2. I am the Plaintiff in the above-entitled action and I am familiar with the files, records and pleadings in this matter.

3. The facts set forth in this petition are true and correct to the best of my knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Brandi Sibley, Affiant

22



Brandi Sibley
29464 Preston Pointe Dr
Livingston, LA 70754

CERTIFIED MAIL

7021 1970 0001 8372 4211

United States District Court
500 Poydras Street
New Orleans, LA 70130

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
LIVINGSTON, LA
70754
NOV 23, 22
AMOUNT
$10.37
R2303S101414-08

70130

