IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDI SIBLEY** | * | CIVIL ACTION NO. 2:22-CV-04757 |
| | * | |
| v. | * | JUDGE: ELDON E. FALLON |
| | * | |
| **TOURO LCMC HEALTH** | * | MAGISTRATE: KAREN WELLS ROBY |
| **GREG FEIRN** | * | |
| **DR. JOHN HEATON CMO** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PLEADINGS

MAY IT PLEASE THE COURT:

### INTRODUCTION

Prior to addressing the lack of merit to Sibley's Amended Complaint, Defendants first want to address the general tone of Sibley's pleadings thus far. While Sibley initially couches her lawsuit as a claim for religious discrimination, each pleading she files reveals more and more the true reason for her suit—a crusade against the COVID-19 vaccine and the federal government's policies surrounding the vaccine. Her proposed Amended Complaint calls Center for Disease Control ("CDC") Guidelines and the Centers for Medicare and Medicaid Services ("CMS") mandate (which Sibley admits required hospitals like LCMC to implement mandatory COVID-19 vaccination policies during the period at issue) *"propaganda and innuendo* from Bureaucrats at the State and Federal

1

level." R. Doc. 27-1, ¶ 13 (emphasis added). Her nonsensical pleadings delve deeper and deeper into the realm of conspiracy theories. A plain reading of her pleadings suggests that the Defendants forced her to take a vaccine; this necessitates the reminder that Sibley *was given a religious exemption* and *did not receive the vaccine.*

Compared to the weight of her political bluster, Sibley's filings, much like her initial affidavits seeking a religious accommodation, do little but pay "lip service" to the general idea of a religious accommodation, providing no religious content or facts that could support such a claim. Sibley's filings to date are an insult to those who truly require the religious protections of Title VII. Instead, Sibley's own filings demonstrate that she is using Title VII as a weapon in a political battle against the so-called "bureaucrats" who passed laws and enacted policies to protect people during a global pandemic during which countless lives were lost. Sibley's political rhetoric and exploitation of Title VII in an effort to snatch over $300,000 for a valid, legally-compliant nine-day suspension should be rejected by this Court.

## LAW AND ARGUMENT

The Defendants, Louisiana Children's Medical Center, d/b/a LCMC Health, Greg Feirn, and Dr. John Heaton (collectively, "Defendants"), oppose the Plaintiff Brandi Sibley's Motion to Amend Pleadings (R. Doc. 27) for one obvious reason—her amendment would be futile because her proposed Amended Complaint (R. Doc. 27-1) would be subject to dismissal under Rule 12(b)(6). Defendants will not reiterate here the

arguments made in their Motions to Dismiss currently pending before this Court (R. Docs. 8, 20). Instead, this Opposition will point out the few changes between Sibley's original Complaint (R. Doc. 1) and her proposed Amended Complaint, and why those changes do not affect the outcome required by law—dismissal of Sibley's claims under Rule 12(b)(6).

**A. Amendments to Sibley's Complaint**

While Sibley's Amended Complaint did not rectify the rambling tone and lack of clarity of her original Complaint, she did recognize the validity of the Defendants' Motion to Dismiss and removed several frivolous claims from her Complaint. Sibley's proposed Amended Complaint removes her claims under 42 U.S.C. § 1981[1], Louisiana Civil Code Article 2320, and her "common law conspiracy" claims. Of course, Defendants do not oppose Sibley's removal of these claims from her Complaint. However, Sibley has added two new claims to her proposed Amended Complaint: a claim under 42 U.S.C. § 1985 and a negligence claim under Louisiana Civil Code Article 2315. As discussed below, these claims warrant swift dismissal with prejudice here.

**B. Sibley Misapplies Rule 15 to her Amended Pleading, yet Properly Seeks This Court's Leave**

Sibley incorrectly applies Rule 15(a)(1), which allows for amendment as a matter of course, to her Motion to Amend, and yet properly asks this Court's leave to allow her

---

[1] As discussed below, Sibley appears to have "replaced" her § 1981 claim with a claim under 42 U.S.C. § 1985, which is equally baseless and subject to dismissal.

3

amendment, making her error harmless. Sibley cannot amend her Complaint as a matter of course under Rule 15(a)(1) because it has been well over 21 days since Dr. Heaton was served with the Original Complaint on January 13, 2023 and well over 21 days since Dr. Heaton's Motion to Dismiss Under Rule 12(b)(6) was served on Sibley on February 17, 2023 (See R. Doc. 26, ¶ 4, in which Sibley admits to being served on February 17, 2023). Therefore, Sibley is not entitled to amend her Complaint without Defendants' written consent[2] or the Court's leave. Fed. R. Civ. P. 15(a)(2).

Because she filed her Motion to Amend Pleadings, it appears that Sibley is seeking this Court's leave to amend her Complaint. Defendants oppose Sibley's Motion to Amend because it would be futile.

**C. Sibley's Amended Complaint Fails to Resolve the Deficiencies in the Original Complaint, and Only Provides New Grounds for 12(b)(6) Dismissal**

Sibley's right to amend under Rule 15 is not without limitations. This Court and the Fifth Circuit repeatedly hold that "an amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Landscape Images Ltd. v. IberiaBank Corp.*, No. CV 22-1324, 2023 WL 2742160, at *6 (E.D. La. Mar. 31, 2023); *see also Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Leave to amend is in no way automatic" . . . "[a]n amendment is futile if it would fail to survive a Rule 12(b)(6) motion.").

---

[2] Sibley did not seek Defendants' consent before filing her Motion to Amend Pleadings, and Defendants clearly do not consent to an amendment.

4

In fact, this Section of this Court has affirmed this same futility argument, and denied a proposed amended complaint as futile under Rule 12(b)(6). *In re Vioxx Prod. Liab. Litig.*, 874 F. Supp. 2d 599, 609 (E.D. La. 2012) (Fallon, J.) (denying a motion to amend as futile and holding that "'[f]utility' means that the amended complaint would fail to state a claim upon which relief could be granted under the same standard of legal sufficiency as applies under Rule 12(b)(6).") (internal quotations omitted). As outlined in the Motions to Dismiss pending before this Court, and as described below, Sibley's proposed Amended Complaint is futile (as defined in *Vioxx)*, and so this Court should deny her Motion to Amend Pleadings and dismiss the claims in her Original Complaint, with prejudice.

**D. Sibley's New Claims Would be Subject to Dismissal With Prejudice**

Sibley's two new claims, under 42 U.S.C. § 1985 and Louisiana Civil Code Article 2315, are both subject to dismissal with prejudice under Rule 12(b)(6).

1. *Sibley's 2315 Negligence Claim Would Be Dismissed For the Same Reasons as Those Already Raised by Defendants—Barred by Prescription[3] and Worker's Compensation*

As already described in detail in Dr. Heaton's Memorandum in Support of his Motion to Dismiss (R. Doc. 8-1), Sibley cannot seek negligence claims against the

---

[3] The statute of limitation periods under Louisiana law are referred to as "prescription" periods.

Defendants because those claims are time-barred by prescription and barred by Louisiana's Worker's Compensation Law.

From the face of Sibley's Original and Amended Complaint, she was suspended on November 15, 2021 and reinstated on November 23, 2021. R. Doc. 1, ¶¶ 23-24, 31; R. Doc. 27-1, ¶¶ 51, 53. However, Sibley did not file her Complaint until December 1, 2022, *over a year* after the alleged emotional distress injury was sustained. Therefore, as a matter of law, her negligence claim would be dismissed with prejudice.

Louisiana's Worker's Compensation Law would also bar Sibley's negligence claim sought under Article 2315. *Lefkowitz v. Administrators of Tulane Educ. Fund*, No. CV 21-1578, 2022 WL 376148, at *8 (E.D. La. Feb. 8, 2022) ("Claims for negligent infliction of emotional distress and negligent failure to supervise are barred as a matter of law by the Louisiana Worker's Compensation Act, which provides the exclusive remedy for *any claim of negligence* against an employer.") (emphasis added). Therefore, Sibley's negligence claim under Article 2315 would be barred under Louisiana's Worker's Compensation Law. Her proposed Amended Complaint to add this claim would be futile.

4750219.v1

2. *Sibley's Section 1985 Claim Would Be Dismissed Because She Fails to Assert the Elements Required for the Claim*

Sibley's new claim under 42 U.S.C. § 1985(3) would fail under Rule 12(b)(6) because she cannot establish a proper conspiracy under that law, and rights protected by Title VII cannot properly be a part of a Section 1985(3) claim.

In order to establish a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Texas Democratic Party v. Abbott*, 961 F.3d 389, 410 (5th Cir. 2020).

As to the first element, a conspiracy, the Fifth Circuit and this Court hold that a corporation and its agents cannot conspire for the purposes of § 1985(3). "It is a long-standing rule in [the Fifth Circuit] that a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Id.* at 410 (holding that an employer "cannot conspire with his employees for purposes of § 1985(3)"); *see also Lockett v. New Orleans City*, 639 F. Supp. 2d 710, 726 (E.D. La. 2009), *aff'd*, No. 09-30712, 2010 WL 1811772 (5th Cir. May 5, 2010)("[U]nder the intracorporate conspiracy doctrine, alleged concerted action by employees or officials of the same entity or organization cannot constitute a conspiracy for purposes of § 1985.").

As alleged in her Original Complaint and proposed Amended Complaint, Sibley's conspiracy involves LCMC Health, a corporate entity, and two of its officials, Greg Feirn, the Chief Executive Officer, and Dr. John Heaton, the Chief Medical Officer. *See* R. Doc. 27-1, p. 1. The alleged conspiracy between the Defendants was the establishing of LCMC's employment policy, HR-427; thus, Defendants Feirn and Heaton were acting in their official capacity in furtherance of this alleged conspiracy. R. Doc. 27-1, ¶ 92. Such conduct by a single entity (and its officials on its behalf) cannot constitute a conspiracy under Section 1985(3), making Sibley's claim subject to dismissal.

Further, Sibley does not clearly articulate the second element of a § 1985(3) claim: that the conspiracy was to deprive a person or class of persons from the equal protections of the laws. To the extent that Sibley depends on the First Amendment for the legal rights allegedly deprived by the conspiracy, that fails. "Because [the First Amendment] restrains only official conduct, to make out their § 1985(3) case, it was necessary for respondents to prove that the state was somehow involved in or affected by the conspiracy." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 833, 103 S. Ct. 3352, 3359, 77 L. Ed. 2d 1049 (1983). Here, only private entities are involved in Sibley's alleged conspiracy—LCMC and its officials. Therefore, her First Amendment rights cannot be the rights at issue in her Section 1985(3) claim.

To the extent Sibley's Amended Complaint seeks to establish a violation of Title VII, namely religious discrimination, as the right protected under Section 1985(3), that

has been directly rejected by this Court: "a 'deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3).'" *Woods v. Cantrell*, No. CV 20-482, 2021 WL 981612, at *15 (E.D. La. Mar. 16, 2021), *aff'd in part, rev'd on other grounds and remanded*, 29 F.4th 284 (5th Cir. 2022) (*citing Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979)). While far from clear, it appears that Sibley attempts to argue that Defendants violated her rights under Title VII by "coercing" her to obtain the vaccine. R. Doc. 27-1, ¶¶ 92-94. ***Of course, such an allegation is false because Sibley admits that she did not receive the vaccine, was given a religious exemption, and continues to work for LCMC.*** R. Doc. 27-1, ¶ 53, R. Doc. 1, p. 2.

Finally, Sibley's "class" allegations fail to satisfy the stringent requirements for a Section 1985(3) action established by U.S. Supreme Court precedent. In *Bray v. Alexandria Women's Health Clinic*, the Court held that to establish a Section 1985(3) claim the Plaintiff must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." 506 U.S. 263, 268–69 (1993). The Court then demonstrated the heightened definition of "class" in Section 1985(3) to avoid precisely what Sibley seeks—a conversion of the statute into a "general federal tort law." *Id.* "Otherwise, innumerable tort plaintiffs would be able to assert causes of action under § 1985(3) by simply defining the aggrieved class as those seeking to engage in the activity the defendant has interfered with." *Id.*

Like the class rejected in *Bray*, people who opposed abortion, Sibley's class, people who oppose COVID-19 vaccines, is insufficient to satisfy a "class" protected under Section 1985(3).

Therefore, Sibley's claim under 42 U.S.C. § 1985(3) would be dismissed under Rule 12(b)(6), making her proposed amendment adding this claim futile. Her Motion to Amend should be denied.

**E. Sibley's Remaining Claims From Her Original Complaint Are Still Subject to Dismissal**

Sibley's remaining claims from her Original Complaint, religious discrimination and retaliation under Title VII and negligent infliction of emotional distress, are subject to dismissal for the reasons previously provided in Dr. Heaton's Memorandum in Support of his Motion to Dismiss (R. Doc. 8-1, p. 10-18). Defendants incorporate that Memorandum in Support of his Motion to Dismiss by reference.

**Concluding Remarks**

Sibley's pleadings in this matter, especially her proposed Amended Complaint, reveal her efforts are intended to challenge not LCMC Health's employment actions, but the actions of the federal government and its agencies regarding the COVID-19 vaccine. Sibley is simply using her employer as a scapegoat to present her opposition to CDC guidelines regarding the COVID-19 vaccine, CMS mandates requiring the vaccine in hospital settings, and other so-called "propaganda and innuendo from Bureaucrats." Despite Sibley's posturing regarding her knowledge of the law, her claims fail to meet

the requirements of Rule 12(b)(6) and her proposed Amended Complaint would be no different. Therefore, her Motion to Amend her Complaint would be futile and this Court should deny Sibley's Motion to Amend Pleadings and dismiss her case.

Respectfully submitted:

 /s/ *Peter J. Butler, Jr.*
PETER J. BUTLER, JR. (La Bar Roll No. 18522)
RICHARD G. PASSLER (La Bar Roll No. 21006)
PHILIP J. GIORLANDO (La Bar Roll No. 38234)
**BREAZEALE, SACHSE & WILSON, LLP**
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, Louisiana 70112-4004
Main Phone: (504) 584-5454 / (504) 619-1800
Fax Number: (504) 584-5452
Email:       peter.butler.jr@bswllp.com
             richard.passler@bswllp.com
             philip.giorlando@bswllp.com

MELISSA M. SHIRLEY (La. Bar Roll No. 25248)
**BREAZEALE, SACHSE & WILSON, LLP**
301 Main Street, 23rd Floor
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029
Email:       melissa.shirley@bswllp.com

*Counsel for LCMC Health, Greg Feirn, and Dr. John Heaton*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a copy of the above and foregoing pleading has been filed via the Court's CM/ECF Electronic Filing system and forwarded to Brandi Sibley, *pro sé* Plaintiff, via U.S. Mail on this 14th day of April, 2023.

/s/ Peter J. Butler, Jr.