IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDI SIBLEY** | * | CIVIL ACTION NO. 2:22-CV-04757 |
| | * | |
| v. | * | JUDGE: DARREL JAMES PAPILLION |
| | * | |
| **TOURO LCMC HEALTH** | * | MAGISTRATE: KAREN WELLS ROBY |
| **GREG FEIRN** | * | |
| **DR. JOHN HEATON CMO** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

#### INTRODUCTION

As with every pleading that Plaintiff Brandi Sibley ("Sibley") has filed in this matter, her Motion for Summary Judgment primarily argues, without any evidence, that COVID-19 vaccines are part of a grand conspiracy by the government involving *private* person Defendants Louisiana Children's Medical Center ("LCMC"), Greg Feirn, and Dr. John Heaton (collectively "Defendants"), and so Defendants are liable in some unspecified way as "parties" to this conspiracy. Such contentions lack any semblance of logic, let alone legal merit.[1]

---

[1] Although under Eastern District Local Rule 56.2 Defendants would normally provide a Statement of Contested Material Facts, due to Sibley's failure to provide a Statement of Uncontested Material Facts (in violation of Local Rule 56.1) and the incomprehensible nature of Sibley's Motion for Summary Judgment,

1

Sibley's Motion for Summary Judgment has also gone well beyond the leniency afforded to *pro se* litigants, filing a sparse Motion for Summary Judgment without a memorandum in support, and, more importantly, without a single shred of evidence attached in support of her Motion. With such disregard for the Federal Rules of Civil Procedure, this Court need not look past page one to deny Sibley's Motion for Summary Judgment.

Nevertheless, for all the following additional reasons, Sibley's Motion for Summary Judgment should be denied.[2]

I. **Sibley's pleadings in this matter continue to increase in absurdity**

Ever since Sibley filed her Complaint in December of 2022, her pleadings have demonstrated that this case has nothing to do with religion and is solely focused on her political opposition and conspiracy theories surrounding the COVID-19 vaccine. In February and March of 2023, once issues regarding service were resolved, Defendants filed Motions to Dismiss under Rule 12(b)(6), asking this Court to dismiss all of Sibley's claims with prejudice because she failed to state a claim. R. Doc. 8; R. Doc. 20. Those

---

Defendants cannot provide a Statement of Contested Material Facts because it is not clear what facts are even at issue in her Motion.

[2] While no discovery has been conducted by either party in this matter, thus putting in doubt the requirement that "adequate discovery" occur prior to a motion for summary judgment (*see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)), Defendants' position is that no discovery is necessary here based on the arguments made in their Motions to Dismiss Sibley's claims with prejudice, and that no discovery is necessary for the denial of Sibley's Motion for Summary Judgment. However, to the extent this Court takes as true any allegations of fact made by Sibley, Defendants request the opportunity to take the deposition of Sibley (once issue is joined) in order to cross-examine her statements under oath and present the inaccuracies in her statements to this Court. *See* Fed. Rule Civ. Proc. Rule 56(d).

Motions to Dismiss are currently under submission with this Court and Sibley's Motion for Summary Judgment does nothing to change those grounds for dismissal.

Beginning with her "Opposition" to Defendants Motion to Dismiss (mislabeled as a Reply) (R. Doc. 10), Sibley's pleadings completely removed any façade of religious content. Instead, she solely argued that she has constitutional rights to "bodily autonomy" and a "right to conscientiously object to forced medical intervention." *See* R. Doc. 10.

As with Sibley's other filings, such as her Motion for Leave to Amend Pleadings (R. Doc. 27), Sibley's Motion for Summary Judgment continues her crusade against COVID-19 health protocols, rather than advancing any colorable claim under the law against the Defendants in this case.

In fact, Sibley's only reference to a "god" or religious belief in her Motion for Summary Judgment is as follows:

> Plaintiff shouldn't have to spell out to this Court or the Defendants the level of criminality of these government agencies and their lackeys within the Medical Industry who used Gestapo style tactics to censor (Missouri v. Biden), stop free movement of people and ideas, force masking, force vaccination, and finally to force complete ***subservience to the COVID-19 God created by the mass psychogenic illness*** brought on from the 24/7 propoganda promulgated by the Government themselves.

R. Doc. 32, p. 7 (emphasis added). In short, the absurdity of Sibley's filings—unsupported by any legally sound theory of law—in this matter warrant the dismissal of her case with prejudice.

**II.  Sibley's Motion for Summary Judgment only references two of Sibley's claims, making her pleading a Motion for *Partial* Summary Judgment**

Despite the lack of clarity in her Motion for Summary Judgment, Sibley's Motion only references two claims. First, the vast majority of her Motion for Summary Judgment concerns her contention that the private Defendants were part of a conspiracy or partnership with the government, and were a "police arm of the law." R. Doc. 32, p. 6. Second, Sibley mentions Title VII, but only once. R. Doc. 32, p. 1. Besides these claims, the Motion for Summary Judgment makes no mention of the other claims in her Complaint, and so they are not part of this Motion for Summary Judgment.

**III.  Despite Sibley's *pro se* status, she must comply with procedural and substantive law, including the basic requirement of evidence in support of summary judgment**

Although Sibley is *pro se*, and is thus entitled to ***some*** leniency, she must still comply with this Court's procedural rules and with substantive law, especially when considering a Motion for Summary Judgment. As this Court has recently held: "While *pro se* litigants are provided greater leniency in certain areas, they must still comply with the rules of civil procedure and make arguments capable of withstanding summary judgment." *Griffin v. WalMart Headquarters*, No. CV 19-14646, 2021 WL 5749857, at *1 (E.D. La. June 28, 2021), *reconsideration denied*, No. CV 19-14646, 2021 WL 4862694 (E.D. La. Oct. 19, 2021); *see also Yazdchi v. Am. Honda Fin. Corp.,* 217 F. App'x 299, 304 (5th Cir. 2007) ("[t]he right of self-representation does not exempt a party from compliance with relevant

rules of procedural and substantive law."). Therefore, Sibley, is responsible for abiding by all applicable procedural and substantive laws, yet she has abundantly failed to do so.

### A. Sibley fails to provide any evidence in support of her Motion for Summary Judgment

Such procedural and substantive laws include providing a memorandum in support of her Motion for Summary Judgment (Local Rule 7.4), and, more importantly, providing evidence in support of each purported uncontested fact. As made clear by Federal Rule of Civil Procedure 56(c), and even by cases cited in Sibley's own Motion for Summary Judgment, a Motion for Summary Judgment must be based on facts in evidence, and "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Sibley's Motion for Summary Judgment lacks any such admissible/submittable evidence.

Sibley states that "Plaintiff's Complaint, EEOC Charges,[3] and the empirical evidence[4] regarding Plaintiff's suspension for objecting to forced medical procedures[5] are

---

[3] While no EEOC Charge is in the record, Defendants understand that only one EEOC Charge was filed.
[4] Sibley has presented absolutely no "empirical evidence" regarding anything, and to the extent that the term "empirical" references anything scientific in nature (such as the efficacy of COVID-19 vaccines), Sibley would need to present expert testimony to present any such evidence. Of course, such empirical evidence would also be irrelevant to her claims.
[5] Sibley's contentions regarding "forced medical procedures" are illogical because, as made clear by her Complaint, Sibley was given a religious exemption to the COVID-19 vaccine and was not "forced" to do

all indisputable and conclusive facts[6] before this Honorable Court." R. Doc. 32, p.1. Not only are the allegations in her Complaint rampant with hearsay, opinion, and conclusory statements, allegations made in a Complaint are not proper summary judgment evidence. *Louisiana State by & through Louisiana Dep't of Wildlife & Fisheries v. Nat'l Oceanic & Atmospheric Admin.*, 70 F.4th 872, 881 (5th Cir. 2023) ("[C]omplaint allegations are insufficient at summary judgment because pleadings are not summary judgment evidence.") (internal quotations omitted); Federal Rule of Civil Procedure 56(c).

As to Sibley's EEOC Charge, it is not in the record of this matter, and so she cannot rely on her EEOC Charge as evidence.

The only other evidence that Sibley references are Exhibit G and Exhibit H of her Amended Complaint (which has not been accepted by this Court). But even assuming these documents are properly in the record and proper evidence under Rule 56 (which they are not) these exhibits in fact demonstrate her abject failure to state a claim for relief, as discussed in detail in Defendants' Memorandum in Support of the Motion to Dismiss. R. Doc. 8-1, pp. 4-8.

---

anything. Additionally, the contention that employers are prohibited from enforcing vaccine mandates has been rejected by jurisprudence. *Bridges v. Houston Methodist*, No. 21-1774, 2021 WL 2399994 (S.D. Tex. 2021) (holding that vaccine requirement was not coercive because the employee could "freely choose to accept or refuse a COVID-19 vaccine. If she refuses, she will simply need to work somewhere else."); *We the Patriots USA, Inc. v. Hochul*, No. 21-2179, 2021 WL 5121983, at *18, --F.4th – (2nd Cir. 2021) (rejecting similar arguments regarding vaccinations and stating that "[a]lthough individuals who object to receiving the vaccines on religious grounds have a hard choice to make, they do have a choice.").

[6] Defendants, of course, dispute every aspect of Sibley's Complaints, EEOC Charge, and every other allegation, and have done so at every stage. They are not only disputable, they are, in fact, not "facts" at all, but Sibley's baseless opinions.

While Defendants will not unnecessarily repeat the entirety of their Motion to Dismiss, Sibley failed to articulate any religious content for her objection to the vaccine, despite three attempts to do so, and so she was given a suspension, which she identifies as Exhibit G.[7] R. Doc. 8-1, p. 4. Following that suspension, Sibley presented a fourth affidavit (of which Sibley's Exhibit H to her Complaint is only a part) in which she presented new statements for the first time that actually included, for the first time, any religious content. R. Doc. 8-1, pp. 6-7; *see also* R. Doc. 8-2, Exhibit D. Following that submission containing religious content, Defendants then granted her a religious exemption from the vaccine and reinstated her nine days later. R. Doc. 8-1, p. 7; *see also* R. Doc. 1, Complaint, ¶ 31.

Although Sibley makes vague references to the above "evidence" in her Motion, none of the supposed facts mentioned in her Motion are supported by the evidence she references, and she makes no effort to demonstrate support for her supposed facts. Thus, none of the "evidence" referenced in her Motion for Summary Judgment is sufficient to establish that there exists no genuine issue of material fact sufficient to grant her relief. Even if the "evidence" was competent summary judgment evidence, any doubt as to its application must be viewed in a light most favorable to Defendants as non-movants. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) ("When considering summary judgment evidence, we must view all facts and inferences in the light most

---

[7] Although Sibley identifies this denial letter as Exhibit G, it is actually Exhibit F to her original complaint.

favorable to the nonmoving party.") (internal quotations omitted). Sibley's lack of evidence warrants the denial of her Motion for Summary Judgment.

### B. Sibley presents the burden of proof backwards—*She* bears the burden of proof regarding every element of her claims

Sibley presents her Motion for Summary Judgment as though it is the Defendants who bear the burden of proof at trial on Sibley's claims, stating: "[t]he Defense has completely and utterly failed to present any facts, affidavits, declarations or other admissible evidence that could alleviate LCMC Health's liability for participating in a cohesive conspiracy with Agency of Government to restrict fundamental liberties of the Plaintiff." R. Doc. 32, p. 3-4. What Sibley neglects to realize, and neglects to accomplish in her Motion, is that it is ***her burden*** to establish that there is no genuine issue of material fact as to each element of her claims. *See, e.g., Thibodeaux v. Chevron U.S.A., Inc.*, No. CV 16-12318, 2017 WL 4998633, at *1 (E.D. La. Nov. 2, 2017) ("When the movant bears the burden of proof, she must 'demonstrate the absence of a genuine issue of material fact using competent summary judgment evidence.'") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986)).

Remarkably, the jurisprudence cited by Sibley in her Motion for Summary Judgment (albeit outside of the Fifth Circuit) supports this position regarding the burden on a movant who bears the burden of proof at trial yet she disregards its language:

> [T]hat party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other

> words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party.

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). *See,* R. doc. 32, p. 4. Sibley has failed to meet this burden.

Sibley's Motion for Summary Judgment fails to even articulate the elements for a single one of her claims, let alone provide evidence supporting any elements. Therefore, her Motion for Summary Judgment should be denied.

**IV.   Sibley's Motion for Summary Judgment contains nothing new, and so the arguments in Defendants' Motion to Dismiss are equally applicable**

Sibley's Motion for Summary Judgment presents no new evidence or argument beyond those already addressed in Defendants' Motions to Dismiss. Defendants will not recite the entirety of their arguments in the Motion to Dismiss, and incorporate herein by reference their Memorandum in Support and Reply to their Motion to Dismiss in their entirety pursuant to Fed. R. Civ. P. 10(c). R. Doc. 8-1 (Memorandum in Support); R. Doc. 19 (Reply).

Defendants will briefly address what they identify as the only two claims in Sibley's Motion for Summary Judgment. First, the entirety of Sibley's Motion appears to concentrate on the existence of a "cohesive public and private partnership" or "conspiracy" between certain unidentified government agencies and the private Defendants, which seems most closely related to Sibley's claims that the private Defendants are "state actors" and violated her constitutional rights. *See,* R. Doc. 1,

Complaint.[8] Additionally, Sibley cites to Title VII in her Motion for Summary Judgment. Defendants will quickly address each of these claims and why they should be dismissed with prejudice.

### A. Absolutely no evidence of a conspiracy exists, and Sibley's conspiracy/"state actor" arguments should be rejected as a matter of law

Sibley appears to assert that, through a conspiracy between the private Defendants and Centers for Medicare and Medicaid Services ("CMS") and other unidentified government agencies, she was coerced and bullied in violation of her "fundamental liberties." R. Doc. 32, pp. 3-4. Sibley's sole basis for her assertion that Defendants are a "police arm of the law" is that Defendants acted in accordance with the statutes, regulations, and guidance of these governmental agencies. R. Doc. 32, p. 4. Not only does Sibley lack a single legal source to support her position, but such factors have also been found to be expressly insufficient to make a private hospital a state actor. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999) ("[A] private hospital is not transformed into a state actor merely by statutory regulation."); *Lewis v. L.-Yone*, 813 F. Supp. 1247, 1255 (N.D. Tex. 1993) ("[L]icensing and regulation are not enough to transform private hospitals into state actors.") *See* R. Doc. 19, pp. 4-5. Defendants, a private hospital and individuals who operate that hospital, are not state actors simply because they are regulated; otherwise, every hospital in the country, and—to the extent the Equal

---

[8] These allegations are provided sporadically throughout Sibley's Complaint, including page 4. R. Doc. 1, p. 4.

Employment Opportunity Commission is a member of this alleged conspiracy—every employer in the country would be a state actor. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931, 204 L. Ed. 2d 405 (2019) ("So, too, New York State's extensive regulation of MNN's operation of the public access channels does not make [private entity] MNN a state actor.").

Additionally, Sibley fails to establish in detail the material facts demonstrating the relationship or nature of the alleged conspiracy, which is required for such a claim. *See, e.g. Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) ("[T]he plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons."). Instead, she makes blanket, vague assertions without any evidence to support them.

Therefore, Sibley's Motion for Summary Judgment should be denied and her claims of a conspiracy between the private Defendants and the government and that Defendants are a "police arm of the law" should be dismissed with prejudice.

### B. Sibley's filings make clear the political and secular nature, rather than religious nature, of her objection to COVID-19 vaccines, demonstrating Title VII's inapplicability here

Sibley mentions Title VII once in her Motion for Summary Judgment, makes no mention of the elements for a Title VII claim, and provides no facts to establish those elements. Instead, following her single mention of Title VII, Sibley's Motion for Summary Judgment proceeds to assert unsubstantiated political/secular statements regarding the

11

private Defendants acting to "fulfill Government's agenda" through coercion and bullying; that Defendants were incorrect regarding the safety or efficacy of the "vaccines"; and that Defendants acted with government agencies using "Gestapo style tactics." R. Doc. 32, pp. 4, 6-7. In fact, her only reference to any "god" or a religious belief is to the "COVID-19 God created by the mass psychogenic illness brought on from the 24/7 propaganda promulgated by the Government themselves." R. Doc. 32, p. 7.

To the extent this Court considers her Title VII claim despite its complete lack of support on summary judgment, this Court should dismiss her Title VII claim with prejudice as matter of law for the reasons already presented to this Court. *See* R. Doc. 8-1, pp. 10-14. Although initially referenced in Defendants' Motion to Dismiss, the longstanding position that Title VII does not protect against secular or political opinions, or the preferences of employees, is even more applicable here, where Sibley has focused entirely on her political and secular objections to the COVID-19 vaccine, rather than any religious objection. 29 C.F.R. § 1605.1. Further, having a religious belief alone is not enough to trigger a need for accommodation; the employee must show that the belief conflicted with an employment requirement. *Slocum v. Devezin*, 948 F. Supp. 2d 661, 668 (E.D. La. 2013). According to the EEOC, an employer is entitled to "ask for an explanation of how the employee's religious beliefs, practices, or observances conflict with the

employer's COVID-19 vaccination requirement".[9] That is precisely what Defendants did—and on her fourth attempt, Sibley finally presented information with religious content for which Defendants admittedly provided her with an accommodation. R. Doc. 8-1, pp. 6-7. Sibley obtained her accommodation and was then exempt from receiving the vaccine.[10] Defendants properly accommodated Sibley as soon as they were properly, and legally, informed of Sibley's religious beliefs in compliance with Title VII.

## V.   Concluding Remarks

Despite Sibley's multiple pleadings in this matter, they have done nothing to change Defendants position in their Motions to Dismiss—Sibley has failed to state a claim for relief and her entire suit should be dismissed with prejudice. Regarding her Motion for Summary Judgment, not only has Sibley failed to state a claim for relief, she has failed to provide any evidence of such claims. Her statements of "Gestapo style tactics" and Defendants forcing "complete subservience to the COVID-19 God" lack not only any grounding in evidence, but any grounding in reality. Sibley's Motion for Summary Judgment should be denied and all of her claims dismissed with prejudice.

---

[9] See R. Doc. 8-1, p. 12 (citing "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEOC Laws" Section L.2, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.)

[10] The EEOC also provides that "[a]n employee who fails to cooperate with an employer's reasonable requests for verification of the sincerity or religious nature of a professed belief, practice, or observance risks losing any subsequent claim that the employer improperly denied an accommodation." "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEOC Laws" Section L.2, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L.

Respectfully submitted:

/s/ *Peter J. Butler, Jr.*
PETER J. BUTLER, JR. (La Bar Roll No. 18522)
RICHARD G. PASSLER (La Bar Roll No. 21006)
PHILIP J. GIORLANDO (La Bar Roll No. 38234)
**BREAZEALE, SACHSE & WILSON, LLP**
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, Louisiana 70112-4004
Main Phone: (504) 584-5454 / (504) 619-1800
Fax Number: (504) 584-5452
Email:      peter.butler.jr@bswllp.com
            richard.passler@bswllp.com
            philip.giorlando@bswllp.com

MELISSA M. SHIRLEY (La. Bar Roll No. 25248)
**BREAZEALE, SACHSE & WILSON, LLP**
301 Main Street, 23rd Floor
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-381-8029
Email:      melissa.shirley@bswllp.com

*Counsel for LCMC Health, Greg Feirn, and Dr. John Heaton*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that a copy of the above and foregoing pleading has been filed via the Court's CM/ECF Electronic Filing system and forwarded to Brandi Sibley, *pro sé* Plaintiff, via U.S. Mail on this 12th day of September, 2023.

/s/ *Peter J. Butler, Jr.*

14

4859126.v1