IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDI SIBLEY** | * | CIVIL ACTION NO. 2:22-CV-04757 |
| | * | |
| v. | * | JUDGE: DARREL JAMES PAPILLION |
| | * | |
| **TOURO LCMC HEALTH** | * | MAGISTRATE: KAREN WELLS ROBY |
| **GREG FEIRN** | * | |
| **DR. JOHN HEATON CMO** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OPPOSITION DOC NO. 34 — FOR FAILURE TO TIMELY FILE

MAY IT PLEASE THE COURT:

#### INTRODUCTION

Defendants Louisiana Children's Medical Center ("LCMC"), Greg Feirn, and Dr. John Heaton (collectively "Defendants") submit this Memorandum in Opposition to Plaintiff Brandi Sibley's ("Sibley") Motion to Strike Defendants' Opposition ("Opposition") to her Motion for Summary Judgment. R. Doc. 34.

In short, Sibley misapplies this Court's Local Rules and the Federal Rules of Civil Procedure and mischaracterizes the record of this case and the law surrounding her contentions.

**I.   Defendants' Opposition to Sibley's Motion for Summary Judgment is not untimely**

Sibley's Motion to Strike argues that Defendants' Opposition is untimely under Local Rule 7.2 because it was not filed fifteen days before the September 20, 2023 submission date set by this Court.[1] Local Rule 7.2 regulates the timing of noticing a motion for submission, not the filing of oppositions. Instead, Local Rule 7.5 addresses the time frame in which a memorandum in opposition must be filed, stating that it must be filed "no later than eight days before the noticed submission date." Eight days before the September 20th submission date of Sibley's Motion for Summary Judgment is September 12th, the date that Defendants filed their Memorandum in Opposition, thus making Defedants' Memorandum in Opposition timely under this Court's rules. For this reason alone, Sibley's Motion to Strike should be denied.

**II.   Plaintiff's Motion to Strike Misapplies *State v. Biden* and the law on Summary Judgment**

Plaintiff's reliance on *State v. Biden* is misplaced. In *State v. Biden*, Louisiana, Missouri, and individual social media users brought suit against federal agencies asserting violations of their First Amendment right to free speech based on allegations that the federal agencies coerced and/or forced private social media companies such as Twitter, Facebook, and YouTube to remove posts identified by those federal agencies as

---

[1] Ironically, this Court was required to unilaterally set this September 20, 2023 submission date because of Sibley's own violation of Local Rule 7.2, which requires motions to be ***noticed for submission*** at least fifteen days after the filing of the motion, calling to mind the adage about those in glass houses throwing stones.

"misinformation" regarding COVID-19 vaccines. No. 23-30445, 2023 WL 5821788, at *1 (5th Cir. Sept. 8, 2023). Importantly, in *State v. Biden*, the defendants are all the federal government agencies themselves, not the private companies allegedly coerced. *Id.*, fn. 2.

Moreover, the facts established via *evidence* in *State v. Biden* are a stark contrast to the vague allegations without support made by Sibley here. The *State v. Biden* plaintiffs presented evidence of concrete, repeated, threatening communications and orders from federal government agencies to the private companies:

> On multiple occasions, the officials coerced the platforms into direct action via urgent, uncompromising demands to moderate content. Privately, the officials were not shy in their requests—they asked the platforms to remove posts "ASAP" and accounts "immediately," and to "slow[ ] down" or "demote[ ]" content. In doing so, the officials were persistent and angry.

*Id* at *19.

In comparison, Sibley's sole basis for her allegation that the private Defendants were involved with government agencies in a conspiracy is the regulation issued by Centers for Medicare and Medicaid Services ("CMS") requiring COVID-19 vaccines in medical facilities. Such regulatory oversight has been repeatedly rejected as not being enough to establish that a private entity's conduct constituted "state action" through coercion or force—something more has always been required. "We know that 'the mere fact that a business is subject to state regulation' is not sufficient. . . we find the government must exercise some active, meaningful control over the private party's decision." *Id.* at *13 (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S. Ct. 2777, 2786, 73 L.

Ed. 2d 534 (1982)). Sibley's own Motion to Strike identifies this distinction, stating that "significant encouragement requires '[s]omething more' than uninvolved oversight from the government." R. Doc. 35, p. 3. Thus, as previously argued in Defendants' Memorandum in Opposition to Sibley's Motion for Summary Judgment, this CMS regulation cannot be sufficient to establish a conspiracy between the government and the private Defendants. *See* R. Doc. 34, p. 10 (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999) and *Lewis v. L.-Yone*, 813 F. Supp. 1247, 1255 (N.D. Tex. 1993)). Sibley has not identified or established through summary judgment evidence *anything more* sufficient to establish her claims. Sibley's reference to *State v. Biden* in her Motion to Strike does not change this conclusion. Thus, Sibley's Motion to Strike should be denied, along with her Motion for Summary Judgment.

### III. Sibley fails to establish or identify any First Amendment violations

Even had Sibley identified sufficient affirmative government activity to establish her contentions of a conspiracy, she fails to identify any First Amendment violations. Her Motion to Strike and Motion for Summary Judgment both suggest that she was required to take the COVID-19 vaccine against her will—but that is simply false. As Sibley alleges in her own Complaint, her religious beliefs were protected (once sufficiently articulated by Sibley) because she was not required to receive the COVID-19 vaccine and was

allowed to continue to work in her job with Defendant LCMC. R. Doc. 1, ¶ 31.[2] This further supports denial of her Motion to Strike, denial of her Motion for Summary Judgment, and dismissal of her entire lawsuit.

## IV. Sibley continues to lack any evidence to support her claims

Sibley's contentions that she has presented "primary source documents" to support her claims and has presented "uncontroverted facts" lack any merit. Her "documents" consist of her own baseless assertions in her Complaint, a CMS regulation, and fact sheets from different COVID-19 vaccine manufacturers. None of these pieces of "evidence" identify a single instance of affirmative conduct by a single government agency, and instead are limited to the "uninvolved oversight" *State v. Biden* identified as insufficient to establish a claim of a First Amendment violation through the conduct of private parties. No. 23-30445, 2023 WL 5821788, at *14 (5th Cir. Sept. 8, 2023).

## V. Concluding Remarks

Sibley's Motion to Strike fails to satisfy any of the requirements for striking a pleading. Defendants' Opposition was timely under this Court's Local Rules and the Federal Rules of Civil Procedure, and identified clearly all of the legal and procedural

---

[2] The CMS regulation provided that the enforcement of its COVID-19 vaccine mandate must "comply with applicable federal non-discrimination and civil rights laws and protections, including providing reasonable accommodations to individuals who are legally entitled to them because they have a disability or sincerely held religious beliefs, practices or observations that conflict with the vaccine requirement." R. Doc. 27-2, p. 2. Defendants acted in accordance with this regulation and Sibley's right to practice her religious beliefs by providing her a religious accommodation once she articulated her religious beliefs that conflicted with the vaccine requirement.

errors in Sibley's Motion for Summary Judgment, including the most important error of all—the complete lack of competent summary judgment evidence. Sibley's Motion to Strike and Motion for Summary Judgment should be denied, and this entire case should be dismissed with prejudice as a matter of law.

Respectfully submitted:

/s/ *Peter J. Butler, Jr.*
PETER J. BUTLER, JR. (La Bar Roll No. 18522)
RICHARD G. PASSLER (La Bar Roll No. 21006)
PHILIP J. GIORLANDO (La Bar Roll No. 38234)
**BREAZEALE, SACHSE & WILSON, LLP**
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, Louisiana 70112-4004
Main Phone: (504) 584-5454 / (504) 619-1800
Fax Number: (504) 584-5452
Email:    peter.butler.jr@bswllp.com
             richard.passler@bswllp.com
             philip.giorlando@bswllp.com

MELISSA M. SHIRLEY  (La. Bar Roll No. 25248)
**BREAZEALE, SACHSE & WILSON, LLP**
301 Main Street, 23rd Floor
Baton Rouge, Louisiana 70821-3197
Telephone:  225-387-4000
Fax:  225-381-8029
Email:    melissa.shirley@bswllp.com

*Counsel for LCMC Health, Greg Feirn, and Dr. John Heaton*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a copy of the above and foregoing pleading has been filed via the Court's CM/ECF Electronic Filing system and forwarded to Brandi Sibley, *pro sé* Plaintiff, via U.S. Mail on this 28th day of September, 2023.

/s/ Peter J. Butler, Jr.