IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDI SIBLEY** | * | CIVIL ACTION NO. 2:22-CV-04757 |
| | * | |
| v. | * | JUDGE: ELDON E. FALLON |
| | * | |
| **TOURO LCMC HEALTH** | * | MAGISTRATE:  KAREN WELLS ROBY |
| **GREG FEIRN** | * | |
| **DR. JOHN HEATON CMO** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants, Greg Feirn, Dr. John Heaton, and Louisiana Children's Medical Center, d/b/a LCMC Health ("LCMC Health") (improperly named as "Touro LCMC Health") (collectively "Defendants"), move that discovery be stayed in this matter until after this Court has ruled on Defendants' two Motions to Dismiss (R. Docs. 8 and 20) which have been under submission with this Court (albeit, in another Section) since March 15, 2023 and April 12, 2023, respectively, and which seek dismissal of all of Plaintiff Brandi Sibley's ("Sibley") claims with prejudice under Federal Rules of Civil Procedure Rule 12(b)(6).

As this Court and the Fifth Circuit have recognized, a stay of discovery is proper when a dispositive motion is pending that can resolve a case in its entirety and no discovery could change the pending motion. Because Defendants' Motions to Dismiss are

4942957.v1

under Rule 12(b)(6), no discovery can be used to address these Motions; therefore, any discovery sought would be an unnecessary expenditure of the parties' time and resources as well as the resources of this Court. *See D & S Marine Transportation, LLC v. S & K Marine, LLC*, No. CV 14-2048, 2014 WL 12925496, at *3 (E.D. La. Dec. 23, 2014) (Roby, Mag.).

Judicial economy is especially at risk here because Sibley's first set of discovery requests are egregiously irrelevant to the claims and defenses of this case and thus improper under Rule 26, such that additional efforts by Sibley to pursue these improper requests may lead to additional time-consuming and expensive discovery motions with this Court. Such judicial waste would be avoided in this matter through a stay of discovery until this Court rules on the pending Motions to Dismiss.

### I. Defendants' Motions to Dismiss are Ripe for Ruling, Making Any Discovery an Unnecessary Waste of the Parties' Time, Effort, and Resources

Defendants have filed Motions to Dismiss seeking dismissal of all of Sibley's claims in her Complaint based on Rule 12(b)(6). R. Docs. 8 and 20.[1] These Motions have been fully briefed by Sibley and Defendants and the District Court can rule on these Motions at any time, perhaps (and Defendants suggest probably) making any discovery

---

[1] Defendants filed two Motions to Dismiss due to service of process issues. Defendant Dr. John Heaton filed the first Motion to Dismiss, R. Doc. 8, because Defendants LCMC and Greg Feirn had not yet been served by the time his responsive pleading was due. Following service on LCMC and Greg Feirn, they both jointly filed a Motion to Dismiss (R. Doc. 20), incorporating by reference the arguments in R. Doc. 8. To the extent that this Memorandum references arguments for dismissal of Plaintiff's claims, those arguments originate from R. Doc. 8-1, which Defendants suggest is informative in determining the need for a stay of discovery in this matter. For the Court's convenience, a copy of that R. Doc. 8-1 is attached hereto as Exhibit "A".

unnecessary. Therefore, this Court should stay discovery in this matter pending a ruling on the Motions to Dismiss. Consideration of Sibley's claims and the pending Motions to Dismiss demonstrate the necessity of a stay of discovery here.

### A. Sibley's Claims are Subject to Dismissal with Prejudice, Making Discovery an Unnecessary Use of Party and Judicial Resources

Although spanning over 90 paragraphs, Sibley's Complaint can be succinctly summarized as follows: Sibley, a nurse for Children's Hospital which is *de facto* owned and controlled by LCMC Health, bases her complaints on Defendants' response to the COVID-19 pandemic, including Defendants' reliance on and voluntarily following Center for Disease Control and Prevention's ("CDC") recommendations and guidance and compliance with the Centers for Medicare and Medicaid Services' ("CMS") mandate which ***required*** COVID-19 vaccines ***at hospitals***. R. Doc. 1, ¶ 5. In pursuit of its goals to provide the best patient care possible and a safe work environment for its employees, and following guidance and mandates from federal agencies and experts, LCMC Health implemented a policy requiring that each employee of its hospitals, including Children's Hospital, must be vaccinated against COVID-19, unless that employee is entitled to an accommodation based on the employee's sincerely held religious beliefs or medical condition. R. Doc. 1, ¶ 6; R. Doc. 1-1.

Sibley sought what she claimed to be a religious accommodation from the COVID-19 vaccination policy; however, her first three written submissions seeking that accommodation contained no religious content, and instead focused on legal maxims and

3

political positions in opposition to the general concept of COVID-19 vaccinations, rather than any religious basis for an accommodation. R. Doc. 8-1, pp. 4-6.  It was not until her fourth written submission that Sibley presented religious content as the basis for a religious-based accommodation. R. Doc. 8-1, p. 6. Following that fourth submission, Defendants granted Sibley's accommodation request and exempted her from the mandatory COVID-19 vaccination requirement. R. Doc. 8-1, pp. 6-7.

Based on the above events, Sibley filed a Complaint with this Court, asserting multiple baseless claims against Defendants. Sibley's Complaint contains the following listed causes of action: (1) Discrimination, failure to reasonably accommodate, and retaliation against Sibley because of her religious beliefs under Title VII (42 U.S.C. § 2000 *et seq.*) (R. Doc. 1, ¶¶ 44-64); (2) Violation of 42 U.S.C. § 1981(a) and (b) (R. Doc. 1, ¶¶ 44-64); (3) Violation of Louisiana Civil Code Article 2320 (R. Doc. 1, ¶¶ 65-75); (4) Common Law Conspiracy (R. Doc. 1, ¶¶ 76-84);  and (5) Negligent infliction of emotional distress (R. Doc. 1, ¶¶ 85-90).  However, in addition to these, the four "counts" in Sibley's Complaint, Sibley also appears to assert alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, as well as La. Rev. Stat. § 46:231.4.[2]

---

[2] Sibley also filed a Motion for Leave to File Amended Complaint. R. Doc. 27. which Defendants opposed because her Amended Complaint, even if allowed to be filed, would be subject to dismissal under Rule 12(b)(6). R. Doc. 28. This Court has not yet addressed Sibley's Motion for Leave, and so the proposed Amended Complaint is not part of this action.

To summarize the arguments in Defendants' Motions to Dismiss, all of Sibley's claims should be dismissed with prejudice for the following reasons:

1. Sibley's claim seeking relief under 42 U.S.C. § 1981 fails as a matter of law because § 1981 is limited to race discrimination and Sibley fails to assert a single allegation regarding race. *McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x 442, 445 (5th Cir. 2006);

2. Sibley's claim of religious discrimination under Title VII (42 U.S.C. § 2000e et seq.) lacks any allegations to support relief; in fact, Sibley admits in her Complaint that she was afforded a religious accommodation once she finally complied with the requirements of LCMC Policy and the law regarding religious accommodations, but only after three prior attempts that lacked any religious content. *See* R. Doc. 1, ¶ 31. *Slocum v. Devezin*, 948 F. Supp. 2d 661, 670 (E.D. La. 2013);

3. Sibley's Title VII retaliation claim fails because her own Complaint admits that her temporary suspension was not caused by her request for a religious exemption, but because she failed to request a religious exemption in accordance with the law and applicable policy—Sibley's employment was immediately reinstated as soon as she complied with that law and that policy. *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 325 (5th Cir. 2017), *as revised* (Dec. 7, 2017);

4. Louisiana's Worker's Compensation law bars negligent infliction of emotional distress claims against an employer or individual supervisor acting on the employer's behalf. *Barton v. Checkers Drive-In Restaurants, Inc.*, No. CIV.A. 11-186, 2011 WL 1193061, at *4 (E.D. La. Mar. 28, 2011);

5. Sibley's claim under Louisiana Civil Code Article 2320 fails because Article 2320 does not provide a separate, independent cause of action and merely sets forth vicarious liability principles for tortious conduct; yet Sibley appears to improperly apply the article to Title VII relief. *Meek v. Roddy*, No. CV 20-2880, 2021 WL 4552554, at *2 (E.D. La. Oct. 5, 2021);

6. Sibley's "common law conspiracy" claim requires a separate underlying and actionable tortious act, absent from her Complaint. *Shargian v. Shargian*, 591 F. Supp. 3d 100, 111 (E.D. La. 2022);

7. Sibley's negligent infliction of emotional distress, Article 2320, and "common law conspiracy" claims all sound in tort and are therefore subject to the one-year prescription period. Therefore, all of these claims should be dismissed with prejudice as time-barred. Louisiana Civil Code Article 3492.

8. Sibley's allegations of constitutional violations do not apply to any Defendant herein because they are private individuals or entities, and so the constitutional assertions made are inapplicable. *Manhattan Cmty. Access Corp. v. Halleck*, 204 L. Ed. 2d 405, 139 S. Ct. 1921, 1932 (2019); and

9. La. Rev. Stat. § 46:231.4 only applies to recipients of certain welfare and public assistance programs, not to employees or employers.

Because all of Sibley's claims are subject to dismissal based on Rule 12(b)(6), discovery should be stayed in this matter until this Court rules on the Motions to Dismiss to save the parties any time and costs, and to save judicial economy.

**II.     This Court and the Fifth Circuit Hold That Staying Discovery Is Reasonable When Pending Dispositive Motions Could Resolve the Case**

This Court and the Fifth Circuit have repeatedly held that discovery should be stayed when dispositive motions could terminate the litigation completely, especially where, as here, no discovery can be considered to resolve the disputes pending in the motions.

6

4942957.v1

In fact, the Magistrate Judge assigned to this case has stayed discovery pending ruling on a motion to dismiss under Rule 12(b)(6), recognizing that discovery would be unnecessary in those circumstances:

> In addition to discovery being premature, D & S Marine is "not entitled to discovery in order to oppose [the] motion to dismiss under Rule 12(b)(6)." *Jackson v. Louisiana Tech Univ.*, No. CIV.A. 11-0524, 2011 WL 5872283, at *1 (W.D. La. Nov. 22, 2011) (citing *Senegal v. Jefferson County*, 1 F.3d 1238 (5th Cir. 1993)). **Discovery is not necessary to defend a Rule 12(b)(6) motion** because "[a] motion under Rule 12(b)(6) tests the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings." *Olson v. Am. Arbitration Ass'n, Inc.*, 876 F. Supp. 850, 851 (N.D. Tex. 1995) (citing *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986)).

*D & S Marine Transportation, LLC v. S & K Marine, LLC*, No. CV 14-2048, 2014 WL 12925496, at *3 (E.D. La. Dec. 23, 2014) (Roby, Mag.) (emphasis added). The Fifth Circuit has provided a similar analysis:

> The district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987). For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for "good cause," such as a finding that further discovery will impose undue burden or expense *without aiding the resolution of the dispositive motions.*

*Fujita v. United States,* 416 F. App'x 400, 402 (5th Cir. 2011) (emphasis added). Because no discovery obtained in this case could be considered on Defendants' Motions to Dismiss under Rule 12(b)(6), the discovery would not aid the resolution of these dispositive motions and so should be stayed under the motions to dismiss have been addressed.

Repeated decisions of this Court and the Fifth Circuit have held similarly. *Your Preferred Printer, LLC v. United Wholesale, LLC*, No. CIV.A. 11-2954-SSV, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (granted the motion to stay because it was possible that the defendant "will prevail on his Rule 12(b) motions thus making any discovery involving the claims against Druse unnecessary."); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990) (affirming a stay and holding that "[t]he trial court sought to resolve an issue that might preclude the need for the discovery altogether thus saving time and expense."); *Johnson v. PPI Tech. Servs., L.P.*, No. CIV.A. 11-2773, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012), *report and recommendation approved sub nom. Johsnon v. PPI Tech. Servs. LP*, No. CIV.A. 11-2773, 2012 WL 5438999 (E.D. La. Nov. 7, 2012) ("[T]he United States Court of Appeals for the Fifth Circuit and this Court have on numerous occasions upheld a stay and/or stayed discovery pending the resolution of a dispositive motion to conserve the resources of the parties.").

Based on the above jurisprudence, this Court should grant Defendants' Motion and stay discovery in this case until this Court rules on the Motions to Dismiss.

### A. Sibley's Discovery Sought Is Irrelevant and Cannot Change the Pending Motions to Dismiss Under Rule 12(b)(6)

As further support for the position that any discovery sought by Sibley would be irrelevant to the questions raised in the Motions to Dismiss, Sibley's specific discovery sought to date is irrelevant to any claims in this case. On December 10, 2023, Sibley

propounded Requests for Admission and a Request for Production on Defendants. Exhibit A, Sibley's email and Requests for Admission and Requests for Production. These Requests had nothing to do with her Claims and instead raised—for the first time in this matter—questions regarding a purported COVID-19 Provider Agreement. On January 9, 2024, out of an abundance of caution, Defendants served on Sibley their Responses and Objections to her Requests for Admission and Request for Production, objecting to each Request. Exhibit B, Correspondence enclosing Defendants' Responses and Objections to Requests for Admission and Request for Production. Sibley's efforts to use discovery for irrelevant requests on an apparent fishing expedition for new claims is improper and further supports a stay of discovery pending a ruling on the Motions to Dismiss. Sibley is not entitled to use discovery to resuscitate her case with new claims while at the same time facing possible dismissal under Rule 12(b)(6).

This Court has recognized that an additional factor favoring a stay of discovery is if requested discovery is unlikely to change the pending motions:

> Under the circumstances presented, there can be no abuse of discretion in ordering a brief temporary stay of discovery pending the determination of the defendant's dispositive motion. Indeed, a plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that ***the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law.***

*Dresser v. MEBA Med. & Benefits Plan*, No. CIV.A. 08-2662, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (emphasis added).

Sibley's discovery requests to date are not just unlikely to produce facts necessary to withstand dismissal under Rule 12(b)(6), but also they are improper under Rule 26 because they seek information irrelevant to her claims and defenses. Therefore, this Court should stay discovery in this matter until this Court has ruled on the Motions to Dismiss.

### III.     Conclusion

This Court should stay discovery in this case because all of Sibley's claims are subject to dismissal under Rule 12(b)(6), as asserted in Defendants' Motions to Dismiss. Defendants' Motions to Dismiss have been under submission with this Court for at least eight months and this Court could dismiss Sibley's case at any time. These conditions warrant a stay of discovery because any discovery in this case would be an unnecessary waste of the time and resources of the parties and this Court. Judicial economy would especially be conserved in this case, as Sibley's first set of discovery requests were entirely irrelevant to the claims in her Complaint in violation of Rule 26, and thus could lead to discovery motion practice beyond this Motion to Stay, should Sibley continue to seek such improper requests.

Based on the foregoing, Defendants respectfully ask that this Court grant their Motion to Stay Discovery until this Court rules on the pending Motions to Dismiss Sibley's case with prejudice.

Respectfully submitted:

/s/ *Peter J. Butler, Jr.*
PETER J. BUTLER, JR. (La Bar Roll No. 18522)
RICHARD G. PASSLER (La Bar Roll No. 21006)
PHILIP J. GIORLANDO (La Bar Roll No. 38234)
**BREAZEALE, SACHSE & WILSON, LLP**
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, Louisiana 70112-4004
Main Phone: (504) 584-5454 / (504) 619-1800
Fax Number: (504) 584-5452
Email:     peter.butler.jr@bswllp.com
           richard.passler@bswllp.com
           philip.giorlando@bswllp.com

MELISSA M. SHIRLEY  (La. Bar Roll No. 25248)
**BREAZEALE, SACHSE & WILSON, LLP**
301 Main Street, 23rd Floor
Baton Rouge, Louisiana 70821-3197
Telephone:  225-387-4000
Fax:  225-381-8029
Email:     melissa.shirley@bswllp.com

*Counsel for Dr. John Heaton and LCMC Health*

11

4942957.v1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that a copy of the above and foregoing pleading has been filed via the Court's CM/ECF Electronic Filing system and forwarded to Brandi Sibley, *pro sé* Plaintiff, via U.S. Mail on this 25th day of January, 2024.

<u>/s/ Peter J. Butler Jr.</u>