## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDI SIBLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4757** |
| **TOURO LCMC HEALTH, ET AL** | **SECTION: "P" (4)** |

## <u>ORDER AND REASONS</u>

Before the Court are Defendant Louisiana Children's Medical Center's ("LCMC") Motion to Dismiss (R. Doc. 7); Defendant John Heaton's Motion to Dismiss (R. Doc. 8); Defendants Greg Feirn and LCMC's Motion to Dismiss (R. Doc. 20); and Plaintiff Brandi Sibley's Motion to Vacate (R. Doc. 26), Motion for Leave to File Amended Complaint (R. Doc. 27), Motion to Strike (R. Doc. 30), Motion for Summary Judgment (R. Doc. 32), and Motion to Strike (R. Doc. 35). For the following reasons, Defendants' Motions to Dismiss (R. Docs. 8, 20) are **GRANTED**, Plaintiff's Motion to Amend Complaint (R. Doc. 27) is **DENIED**, and all other motions (R. Docs. 7, 26, 30, 32, 35) are **DENIED AS MOOT**.

## I.   BACKGROUND

Plaintiff Brandi Sibley filed this *pro se* action against her employer, Louisiana Children's Medical Center ("LCMC"), as well as the CEO Greg Feirn and CMO Dr. John Heaton, arising out of her religious objections to the hospital's requirement that she obtain the COVID-19 vaccination. In response to the COVID-19 pandemic, Defendant LCMC implemented a policy requiring that the employees of its hospital be vaccinated against COVID-19. The policy allowed employees to seek an exemption from the requirement if it conflicted with their sincerely held religious beliefs. If an employee both failed to receive a COVID-19 vaccination or timely receive an exemption, the employee could be suspended without pay for up to 14 days while he or she became compliant with the policy.

Plaintiff's Complaint alleges that she submitted four affidavits declaring her religious objections to obtaining the COVID-19 vaccine. The first was filed on September 29, 2021. Representatives of the LCMC responded requesting additional information regarding Plaintiff's religious beliefs. Plaintiff does not allege that she submitted additional information, but the position paper submitted to the EEOC by LCMC, which is attached to the Complaint, indicates that a second affidavit was filed on October 20, 2021. Plaintiff's request for exemption was thereafter denied. Plaintiff submitted another request on October 28, 2021. On November 15, 2021, her request was again denied, and Plaintiff was suspended without pay. Plaintiff submitted a fourth request for exemption on November 17, 2021. On November 23, 2021, Plaintiff's request was granted, and the suspension was lifted after nine days. Plaintiff contends that "the rights that existed on November 23rd, also existed before the harassment, coercion, and duress was instigated by LCMC staff."[1] She brings claims under Title VII, Louisiana Civil Code article 2320, common law conspiracy, and negligent infliction of emotional stress.

Now pending before this Court are nine motions with varying levels of connection and redundancy. On February 15, 2023, LCMC moved to dismiss Plaintiff's claims against it for failure to effect proper service,[2] and Defendant Heaton moved to dismiss all of Plaintiff's claims, arguing that the allegations of her Complaint are insufficient to state a claim against any Defendant as a matter of law.[3] After they were properly served, Defendants Feirn and LCMC also moved to dismiss Plaintiff's claims for the same reasons previously raised by Heaton.[4] Plaintiff then asked the Court to vacate its orders allowing the Defendants to file replies to their Motions to Dismiss.[5]

---

[1] R. Doc. 1.
[2] R. Doc. 7. Subsequently, Plaintiff appears to have resolved the deficiencies in serving LCMC Health, but this Motion remains pending. R. Doc. 24.
[3] R. Doc. 8.
[4] R. Doc. 20.
[5] R. Doc. 26.

2

This filing is more properly construed as a sur-reply to Defendants' replies, and the Court will consider it as such.

On March 30, 2023, Plaintiff moved for leave to amend her Complaint, which Defendants oppose as futile.[6] Thereafter, she moved to strike Defendants' Opposition to her Motion to Amend Complaint.[7] Here again, despite its title, that filing is more properly construed as a Reply in support of Plaintiff's Motion to Amend Complaint, and this Court will consider it as such.

On August 10, 2023, Plaintiff filed a Motion for Summary Judgment.[8] Thereafter, Plaintiff again moved to strike Defendants' Opposition to her Motion for Summary Judgment.[9] This time, in addition to including many arguments that are more properly construed as replies in support of her Motion for Summary Judgment, Plaintiff also argues that Defendants' Opposition was untimely filed.[10] This Court will consider the pending motions in turn.

## II.   LAW AND ANALYSIS

### A.  LCMC's Motion to Dismiss for Insufficient Service (R. Doc. 7)

First, LCMC moved to dismiss Plaintiffs' claims against it for failure to serve LCMC through its registered agent for service of process. Specifically, it argued that Plaintiff attempted service on LCMC by serving Linda Dowling, a staff accountant. Thereafter, Plaintiff filed a new executed summons indicating that service was made on Jody Martin at LCMC. Defendant LCMC seems to acknowledge that this service cured the deficiencies identified in its Motion,[11] and it has

---

[6] R. Docs. 27, 28.
[7] R. Doc. 30.
[8] R. Doc. 32.
[9] R. Doc. 35.
[10] *Id.*
[11] *See* R. Doc. 20 (noting that Plaintiff "has attempted to resolve the deficiencies in serving LCMC Health, although her proof of service on LCMC Health is still deficient (See R. Docs. 11 and 12)").

not moved to dismiss the Complaint for failure of service based on the new summons. Accordingly, this Motion is denied as moot.

### B.  Defendants' Motions to Dismiss (R. Docs. 8, 20)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[12] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[14] The court need not, however, accept as true legal conclusions couched as factual allegations.[15] To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[16] If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[17] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[18]

In resolving Defendants' arguments for dismissal of Plaintiff's Complaint, this Court will consider the arguments raised in Defendants' Motions to Dismiss, Plaintiff's opposition thereto, Defendants' reply brief, Plaintiff's Motion to Vacate Order allowing Defendants to Reply, and Defendants' opposition thereto.[19] In so doing, the Court rejects any arguments regarding the

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[13] *Id.*
[14] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[15] *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.
[16] *Id.*
[17] *Lormand*, 565 F.3d at 255–57.
[18] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[19] R. Docs. 8, 10, 19, 20, 26.

4

timeliness of filings and addresses Defendants' arguments and Plaintiff's claims on their merits.[20]
The Court will address Defendants' arguments for dismissal of each of Plaintiff's claims in turn.

      i.     *Title VII Religious Discrimination Claim*

Plaintiff's Complaint brings a claim under Title VII for religious discrimination and failure to accommodate against Defendants. At the outset, the Court notes that Title VII claims cannot proceed against individuals such as Feirn and Heaton, and those claims are therefore dismissed.[21] In order to allege a prima facie case of religious discrimination against LCMC, Plaintiff must show that she: "(1) has a bona fide religious belief that conflicts with an employment requirement; (2) informed the employer of this belief; and (3) was disciplined for failure to comply with the conflicting employment requirement."[22] Defendants allege, and this Court agrees, that Plaintiff's Compliant fails to allege a prima facie claim.

In support of their Motion to Dismiss, Defendants have provided this Court with each of the affidavits presented to LCMC by Plaintiff. Because these documents were attached to a motion to dismiss and are central to the claim and referenced by the Complaint, this Court may consider them in resolution of Defendants' Motions to Dismiss.[23] The affidavits reveal that Plaintiff did not inform LCMC that she had a bona fide religious belief that conflicted with an employment requirement until the November 17 affidavit at the earliest. In each of the preceding affidavits,

---

[20] In his reply, Defendant Heaton argues that Plaintiff's opposition was not timely filed. R. Doc. 10. Plaintiff's Motion to Vacate Leave to File Reply primarily disputes this argument. R. Doc. 26. This Court finds it appropriate to consider the merits of Plaintiff's opposition notwithstanding any alleged untimeliness given her *pro se* status. Courts "apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[21] *See Hilliard v. Par.*, 991 F. Supp. 2d 769, 774 (E.D. La. 2014) ("The law is clear in the Fifth Circuit that there is no individual liability under Title VII." (first citing *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 381 n.1 (5th Cir. 2003); and then citing *Smith v. Amedisys Inc.,* 298 F.3d 434, 448 (5th Cir. 2002))).

[22] *Jenkins v. State of La., Dept. of Corrections*, 874 F.2d 992, 995 (5th Cir. 1989) (citing *Turpen v. Missouri–Kansas–Texas R.R. Co.*, 736 F.2d 1022, 1026 (5th Cir. 1984)).

[23] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Plaintiff did not state a religious objection to receiving the COVID-19 vaccine. Rather, the first three affidavits consist of largely disjointed legal maxims and statutes, bible verses, declarations, allegations against LCMC, and portions of the Nuremberg Code. While the Court is sensitive to Plaintiff's attempt to articulate a religious objection, the Court is, of course, constrained by the law. Even drawing all reasonable inferences in Plaintiff's favor, her first three affidavits failed to state that she had a bona fide religious belief that prevented her from receiving the COVID-19 vaccine, and "Title VII does not protect medical, economic, political, or social preferences."[24]

The fourth affidavit, on the other hand, finally stated that Plaintiff believes that she is "a creation of the one true Creator Almighty," that she declares her "body, soul, mind and spirit belong to my Creator and that no person shall take possession of, force medicate, treat, inject" her, that she retains the right to decline all attempts to interfere with her "God-given Biological material and/or biological systems which are unique, flawless and original design and craftmanship of my Creator," that "any interference with the purity of the blood is an offense to my wellbeing," and that "the body is the temple of the Holy Spirit and as such should not be used for medical experimentation."[25] Representatives of LCMC deemed these statements to be sufficient to state a religious objection to the COVID-19 vaccine, granted Plaintiff an exemption, and allowed her to return to work. Accordingly, when Plaintiff eventually gave her employer sufficient information to put it on notice of her religious objection, it immediately accommodated her beliefs. Her prior requests for exemption were insufficient to inform LCMC of her religious beliefs—an element required to allege a prima facie case of religious discrimination. Accordingly, Plaintiff's Complaint fails to state a claim for Title VII religious discrimination.

---

[24] *Thompson v. Asante Health Sys.*, No. 1:23-CV-00486-CL, 2023 WL 7348812, at *3 (D. Or. Sept. 21, 2023); *Bordeaux v. Lions Gate Ent., Inc.*, No. 2:22-CV-04244-SVW-PLA, 2023 WL 8108655, at *11 (C.D. Cal. Nov. 21, 2023).
[25] R. Doc. 8-5.

ii.     *Title VII Retaliation Claim*

Plaintiff's Complaint also alleges Title VII retaliation. "Separate from a religious discrimination claim, Title VII makes it unlawful for an employer to retaliate against an employee who opposes an employment practice that violates Title VII."[26] "To set out a prima facie case of Title VII retaliation, a plaintiff must show (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action."[27] "An employee has engaged in a protected activity when she has (1) opposed any practice made an unlawful employment practice by Title VII (the opposition clause) or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII (the participation clause)."[28] Plaintiff's Complaint does not allege that she engaged in any activity protected by Title VII. Accordingly, this claim also fails.

iii.    *State Law Tort Claims*

Next, Defendants argue that Plaintiff's claim for negligent infliction of emotional distress is both barred by Louisiana Worker's Compensation law and prescribed. They also argue that her claims under article 2320 and for civil conspiracy fail where she cannot succeed on an underlying tort claim.

Indeed, Louisiana Worker's Compensation law provides that it is the exclusive remedy between an employee and employer except where the employee can show that his injuries resulted

---

[26] *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 489 (5th Cir. 2014).

[27] *Id.* (internal quotations omitted).

[28] *Sambrano v. United Airlines, Inc.*, No. 4:21-CV-1074-P, 2023 WL 8721437, at *7 (N.D. Tex. Dec. 18, 2023) (internal quotations omitted) (quoting *Douglas v. DynMcDermott Petrol. Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998)).

from an intentional act.[29] Because Plaintiff alleges negligent infliction of emotional distress, this claim is precluded by the Louisiana Worker's Compensation law.

Further, the prescriptive period for tort claims in Louisiana is one year.[30] Plaintiff was suspended on November 15, 2021 and reinstated on November 23, 2021. She filed her Complaint on December 1, 2022. Accordingly, her negligent infliction of emotional distress claim—and indeed any tort claim—is prescribed on its face. And despite her proclamations otherwise, "the Fifth Circuit has made clear that the filing of an EEOC charge 'does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims.'"[31]

Plaintiff also purports to bring a claim for liability under article 2320 and for civil conspiracy. Article 2320 establishes vicarious liability for tort actions against employees.[32] Likewise, claims for civil conspiracy require the allegation of an underlying tort that the conspirators agreed to perpetuate.[33] Because Plaintiff cannot succeed on any tort claim as explained above, her claims under article 2320 and for civil conspiracy likewise fail.

iv.    *First Amendment Claim*

In addition to the expressly enumerated claims in Plaintiff's Complaint, she also makes allegations of violations to her First Amendment rights. It is well-settled that the First Amendment "prohibits only governmental abridgment of speech" and "does not prohibit private abridgment of

---

[29] *Curtis v. Jazz Casino Co.*, No. CIV.A. 01-2723, 2002 WL 1585608, at *2 (E.D. La. July 15, 2002).

[30] LA. CIV. CODE art. 3492.

[31] *Lefort v. Lafourche Par. Fire Prot. Dist. No. 3*, 39 F. Supp. 3d 820, 826 (E.D. La. 2014) (quoting *Fussell v. Bellsouth Commc'ns, Inc.*, No. 96–1660, 1998 WL 12229, at *2 (E.D. La. 1998)).

[32] "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." LA. CIV. CODE art. 2320.

[33] "To prove a conspiracy under Louisiana state law, a plaintiff must prove that . . . an agreement existed with one or more persons to commit an illegal or tortious act." *Ferguson v. Gates*, 602 F. Supp. 3d 942, 954 (W.D. La. 2022).

speech."[34]  LCMC's reliance on recommendations from federal and state agencies, such as the Center for Disease Control, in implementing its vaccine policy does not make it a government actor.[35] Because Defendants are private individuals and a private entity, Plaintiff cannot succeed on these claims.

    *v.*    *Section 1981*

Finally, Plaintiff's Complaint makes reference to 42 U.S.C. § 1981. Section 1981 is limited to claims of race discrimination, and there have been no allegations of such in this action.[36] Accordingly, to the extent that Plaintiff intended to bring such a claim, it likewise fails. Defendants' Motions to Dismiss are granted.

**C. Plaintiff's Motions to Amend Complaint (R. Doc. 27)**

Having found that none of the claims in Plaintiff's Original Complaint survive Defendants' Motions to Dismiss, the Court now considers whether Plaintiff should be allowed to amend her Complaint.  Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires."[37] However, a district court does not abuse its discretion when it denies leave to amend

---

[34] *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019) ("The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors. To draw the line between governmental and private, this Court applies what is known as the state-action doctrine. Under that doctrine, as relevant here, a private entity may be considered a state actor when it exercises a function "traditionally exclusively reserved to the State.").

[35] *Id.* ("[T]he fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor—unless the private entity is performing a traditional, exclusive public function.").

[36] *See Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 574 (S.D. Tex. 2005) ("Section 1981 claims are only available for discrimination based on race."); *McCoy v. Homestead Studio Suites Hotels*, 177 F. App'x 442, 445 n.2 (5th Cir. 2006) ("[Section] 1981 . . . does not protect against religious discrimination.").

[37] FED. R. CIV. P. 15(a).

because the amendment would be futile.[38] An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[39]

In her proposed Amended Complaint, Plaintiff's allegations of the facts at issue here remain largely unchanged. Instead, she adds several paragraphs that outline her frustration with LCMC's decision to require COVID-19 vaccinations where they were only approved for emergency use and where Defendants "belief in the efficacy and safety of COVID-19 vaccines was not factually represented by even the vaccine manufacturers themselves."[40] She also adds allegations that coercion, duress, and persecution were used to force compliance with LCMC's COVID-19 policy. The Court notes, however, that Plaintiff's Amended Complaint still admits that she received a religious exemption from the COVID-19 vaccine policy after she informed LCMC of her religious objection in the fourth affidavit. Accordingly, none of her additional allegations have any bearing on the Court's analysis of her Title VII claims.

In addition, Plaintiff's Amended Complaint removes her claims under 42 U.S.C. § 1981, Louisiana Civil Code article 2320, and for common law conspiracy, but adds claims under 42 U.S.C. § 1985 and Louisiana Civil Code article 2315. Defendants argue that these new claims would not survive a Rule 12(b)(6) motion to dismiss, and therefore, Plaintiff's amendment would be futile. This Court agrees.

First, Plaintiff asserts a claim under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights. "Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws."[41] "To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy

---

[38] *Stripling v. Jordan Production Co., L.L.C.*, 234 F.3d 863, 872 (5th Cir. 2000).
[39] *Id.*
[40] R. Doc. 27-1.
[41] *Hawkins v. Sanders*, No. 19-13323, 2023 WL 2565394, at *10 (E.D. La. Mar. 17, 2023) (quoting *Daigle v. Gulf State Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 978 (5th Cir. 1986)).

involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus."[42] Plaintiff alleges that in instituting a COVID-19 vaccination policy, Defendants conspired to create two classes of individuals—vaccinated and unvaccinated—with separate rights and privileges and directed employees of LCMC "to engage in activities to injure the Plaintiff in her person and property and to do so using threats, extortion, and coercion to accomplish the 100% vaccinated goal."[43]

As Defendants point out, however, Plaintiff has not alleged the first element of a § 1985(3) claim—a conspiracy between two or more people. "It is a long-standing rule in this circuit that a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."[44] Accordingly, Defendants—LCMC and two of its agents—cannot conspire with each other to violate Plaintiff's rights.

Next, Plaintiff seeks to add a claim under Louisiana Civil Code article 2315 against Defendants Feirn and Heaton for their role in instituting the vaccine policy, which she alleges created a hostile workplace environment that singled out employees who objected to receiving vaccination. For the reasons discussed above, any Louisiana state law negligence claim is precluded by Louisiana's Workers' Compensation law and prescribed by a one-year prescriptive period.

---

[42] *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994).
[43] R. Doc. 27-1 at 22.
[44] *Hilliard*, 30 F.3d at 653.

Accordingly, Plaintiff's proposed Amended Complaint would be futile because her claims would not survive a Rule 12(b)(6) motion to dismiss. Her Motion to Amend Complaint is therefore denied. Having held that after two attempts Plaintiff has not alleged a claim upon which relief can be granted, her case is dismissed with prejudice, and all other pending motions are denied as moot.

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motions to Dismiss (R. Docs. 8, 20) are **GRANTED**, Plaintiff's Motion to Amend Complaint (R. Doc. 27) is **DENIED**, and all other motions (R. Docs. 7, 26, 30, 32, and 35) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 28th day of February 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

12